## Moyer *versus* Illig.

1. Justices have concurrent jurisdiction with the Common Pleas under the Act of March 22d 1814, § 1–4, in actions of trover and trespass.

2. This act does not require an affidavit that the claim exceeds $100, to recover costs.

ERROR to the Court of Common Pleas of *Lebanon county.*

This was an action of trespass *quare clausum fregit,* commenced August 15th 1864, by George Illig against William Moyer, in which the plaintiff filed an affidavit that the damages exceeded $100. There was a verdict and judgment for plaintiff for $45, and the defendant obtained a rule for entering the judgment without costs, which was afterwards discharged on the following opinion by Judge Pearson:—

"The Act of 1814 gives jurisdiction to justices of the peace in actions of trespass, where the damages *alleged to have been sustained* shall not exceed $100. Alleged how and where? We answer, in the plaintiff's *narr.* It is the allegation there made which in all similar cases gives jurisdiction to the courts. Such is the case as to the District Court of Philadelphia: see 9 S. & R. 299, 300; 1 Id. 269; 3 Id. 461; 2 Browne 271; and the courts of *Nisi Prius* in cases of *tort:* see 5 Binn. 522; 1 S. & R. 269. Such is also the case as to the United States Circuit as distinguished from the District Courts. There is nothing in this act requiring an affidavit before bringing suit in the common-law courts, that the claim exceeds $100, as is required by the Act of 1810. It is true the 4th section directs the same course of proceeding, but that does not refer to the jurisdiction but to the process, trial, appeal and method of collecting the judgment. We are therefore well satisfied that the jurisdiction of the Common Pleas exists in all actions of trespass *quare clausum fregit,* where the plaintiff lays his damages above $100, and no penalty of non-collecting costs is imposed for want of an affidavit that the claim exceeds $100. It is perhaps improper for us to reason on this subject, as the very point is decided in Clark *v.* McKisson, 6 S. & R. 87, by a unanimous opinion of the Supreme Court; and Mr. Justice Gibson there declares, that it had been previously so ruled in another case not yet reported. We must take it as a matter of faith, not of reason, until that case is overruled by the tribunal which made it. But it coincides with our reason as well as our

[Moyer v. Illig.]

faith. We believe the jurisdiction of the justices of the peace and Courts of Common Pleas is concurrent in all cases arising under the 1st section of the Act of 1814. The validity of that decision has never been questioned during a period of forty-five years, and it has ruled hundreds of cases in the several courts of the state. No good could arise from overruling it now. It is supposed to be affected by what is said in Louer v. Hummel, 9 Harris 450, but that was made in a cause arising under the 6th section of the act, in relation to rents. There is an obvious distinction between the wording of the 1st and 6th section. The first merely confers jurisdiction on the justices, but does not take away that of the common-law courts. The sixth directs that rents shall be *recovered as debts of similar amount are by law recoverable,* plainly referring to the Act of 1810, when the sum was under $100.

" If it had been the intention of the Supreme Court to overrule Clark v. McKisson, it should have said so in explicit terms; it is not even intimated to be unsound."

Entering the judgment without costs was assigned for error.

*J. Funck,* for plaintiff in error, cited Act of March 22d 1814, §§ 1–4, 6 Sm. L. 182; Clarke v. McKisson, 6 S. & R. 87; Louer v. Hummel, 9 Harris 453.

*C. P. Miller* and *A. S. Ulrich,* for defendant in error, cited Act of March 22d 1814; Hinds v. Knox, 4 S. & R. 417; Clark v. McKisson, 6 Id. 87; Richards v. Gage, 1 Ash. 192; Hancock v. Burton, 1 S. & R. 269; Bazire v. Barry, 3 Id. 461; McKisson v. Steel, 1 Yeates 1; Strutzer v. Morgan, 1 Browne 38; Byrne v. Gordon, 2 Id. 271; Eason v. Smith, 8 S. & R. 343; Schaffer v. McNamee, 13 Id. 44.

The opinion was delivered June 1st 1866.

Per Curiam.—It is admitted by the learned counsel for the plaintiff in error, that the point in this case was ruled forty years ago in the case of Clark v. McKisson, 6 S. & R. 87, and as that case has never been overruled, it does not seem to us worth while to reopen the discussion.

If, however, it be necessary that that case be distinguished from Louer v. Hummell, 9 Harris 450, or that it be justified on general grounds, both are sufficiently done in the opinion of the learned judge below, and for the reasons assigned by him the judgment is affirmed.