## Simonds *et al. versus* Barton.

1. If a verdict in an action of trespass, &c., is for less than 40 shillings, in order to give plaintiff full costs under stat. 22 & 23 Car. 2, c. 9, the judge's certificate must be made before judgment.

2. The statute extends only to actions of trespass *q. c. f.*, and assault and battery.

3. If there be a joint verdict for one trespass within the statute and one without it the plaintiff is entitled to full costs without a certificate.

4. Where the trespass to the land is laid as the principal cause of action, and the *asportavit* of that which has been made personal property by severance, is laid as aggravation, full costs do not follow without a certificate ; where the *asportavit* and conversion of what has become personal by the act of the trespasser, is laid as a separate and distinct claim, plaintiff will have full costs without a certificate.

5. A declaration was that defendants broke and entered plaintiff's close, and "took and carried away ten thousand bushels of sand, of which said island is partially composed, of the value of $500, and * * * greatly injured and despoiled said island * * * and converted and disposed of said sand to their own use." The verdict was for $5. *Held*, that it carried costs without a certificate.

October 16th 1874. Before AGNEW, C. J., SHARSWOOD and MERCUR, JJ.

Error to the District Court of *Allegheny county :* Of October and November Term 1874, No. 250.

This was an action of trespass *q. c. f.*, brought to July Term 1872, of the court below, by Edward B. Barton against John Simonds, George Simonds and James Simonds.

The declaration was that the plaintiff was seised in fee of an island in the Allegheny river, and the defendants "with force and arms broke into and upon said close, and with flats and boats and other crafts, seized, took and carried away ten thousand bushels of sand (of which said island is partially composed) of the value of five hundred dollars, and also then and there greatly injured and despoiled said island and the free use and enjoyment thereof to the said plaintiff—and converted and disposed of said sand to their own use ; and other wrongs to the said plaintiff then and there did," &c.

The defendants pleaded "Not Guilty."

The cause was tried, January 22d 1874, before White, J.

The plaintiff gave evidence to establish his title to the *locus in quo ;* and also gave evidence that the defendants took sand from it.

The defendants gave evidence to show that the title was not in the plaintiff, and that the sand, which they admitted they took, was not from his close.

On the 24th of January there was a verdict for the plaintiff for $5. The defendants moved for a new trial, which on the 19th of June was overruled ; on the 10th of July judgment was entered on the verdict.

[Simonds v. Barton.]

On the 11th of August the defendant obtained a rule on plaintiff to show cause why upon the payment of the amount of the verdict with interest thereon from date of same, together with an amount of costs equal to the verdict, the judgment entered in the case and costs, so far as defendants are concerned, should not be satisfied. September 8th 1874, the rule was discharged, Judge White delivering this opinion :—

" The plaintiff brought trespass *quare clausum fregit* against defendants for entering his close, digging and carrying away sand, and obtained a verdict for five dollars. The defendants admitted they took sand from the river bed, but denied that where they took the sand was a part of plaintiff's island. They thus directly called in question the plaintiff's title to the *locus in quo*, and this was the chief, and almost the only, question involved in the trial. Nearly all the testimony bore on this point. On this ground I think the plaintiff is entitled to full costs, and shall make the certificate required by the statute of 22 and 23 Car. 2, on the back of the record."

The following endorsement was made on the record :—

" I hereby certify that the plaintiff's title was the chief matter in controversy at the trial of this case.

J. W. F. WHITE, Judge at the trial.    September 8th 1874."

The defendants took a writ of error and assigned for error, the discharging their rule and certifying on the record as above stated.

*J. Fitzimmons* (with whom were *R. & S. Woods*), for plaintiff in error, cited statute 22 and 23 Car. 2, cap. 9; Roberts's Dig. 138; Brightly on Costs 22, 24, 30–33; Clegg v. Molyneux, Douglass 750; Butler v. Cozens, 11 Modern 198; Johnson v. Stanton, 2 Barn. & Cress. 621.

*I. Barton*, for defendant in error, cited Williams v. Glenn, 2 Penna. R. 137.

Mr. Justice MERCUR delivered the opinion of the court, November 21st 1874.

This was an action of trespass. The jury rendered a verdict in favor of the plaintiff below for five dollars. Seven and a half months thereafter the judge certified that the freehold or title of the land mentioned in the declaration was chiefly in question. This was more than three months after the motion for a new trial had been overruled, and nearly two months after judgment had actually been entered on the verdict. Was the certificate in time to make it effectual ?

When the damages found by the jury are under the value of forty shillings ($5.33⅓) and the statute of 22 & 23 Car. 2 requires the certificate of the judge to give a plaintiff full costs, the statute

[Simonds *v.* Barton.]

declares it shall be "at the trial of the cause." This language, however, has not received a literal construction. It may be made at any time between verdict and final judgment: 11 Mod. 198; Brightly on Costs 24. The same construction has been given to the statute of 8 & 9 Will. 3, c. 11, sect. 4, in which the identical language is used: 2 B. & C. 58; 4 Dow. & Ryl. 147. Final judgment then being the latest time at which the certificate can be made, it was too late in this case to be valid.

The remaining question is, Was any certificate necessary to carry full costs?

The language of the statute extends it to "all actions of trespass, assault and battery and other personal actions." It has, however, uniformly been held from an early day, that it extended to no actions save trespass *quare clausum fregit* and assault and battery: 3 Keble 31, 389; Ven *v.* Phillips, 1 Salkeld 208; Milbourne *v.* Read, Trin. 17 & 18 Geo. 2, Barnes 108; Batchelor *v.* Bigg, 3 Wils. 319. As there could be no certificate that an assault and battery was sufficiently proved or that the title to land was chiefly in question in other personal actions, such as debt, assumpsit, trover, trespass for taking or injuring plaintiff's goods, trespass for beating his servant *per quod servitium amisit*, the plaintiff was in these actions entitled to full costs although he recovered less than forty shillings: Milbourne *v.* Read, *supra.* So, if there be a joint verdict for one trespass within the statute, and another out of it, the plaintiff is entitled to full costs. Hence, although trespass *quare clausum fregit* is within the statute, yet if the plaintiff go on and also declare for cutting and carrying away his corn, it is out of the statute, unless the defendant be acquitted thereof: Ven *v.* Phillips, *supra.* So if, besides declaring for breaking and entering his close and pulling up the hedge, the plaintiff further declares that the defendant has carried it away, and the jury found him guilty of the latter as well as the former, the plaintiff is entitled to full costs without a certificate: Milbourne *v.* Read, *supra.*

This rule was somewhat modified in Clegg *et al. v.* Molyneux *et al.*, Doug. 750. It was there held that if the trespass is laid to have been committed on the land by digging turf, peat, heath, soil, &c., and by the asportation and conversion thereof, as part of the same act, and there be a general verdict in favor of the plaintiff for less than forty shillings, he was not entitled to any more costs than damages. The court said: "What has been called an asportavit in this declaration, is a mode, a qualification of the injury done to the land."

In Brightly on Costs 33, citing Hull on Costs 80, it is said a plaintiff shall have full costs without a certificate, if he obtain a general verdict, for the smallest damages, on a count which contains a trespass on land, and also an injury to personal property, provided such injury to or trespass on the personal property be

[Simonds v. Barton.]

laid in the declaration as a substantive and independent fact, and not merely a circumstance in aggravation of damages or as a consequence of the trespass on the land.

In Hinds v. Knox, 4 S. & R. 417, the action was trespass *quare clausum fregit.* The verdict was for "six cents damages and all costs of suit." There was no certificate. Under this special finding of the jury, it was held the plaintiff was entitled to full costs.

In Williams v. Glenn, 2 Penna. R. 137, the plaintiff declared "that the defendant broke and entered his close, took and carried away two hundred pounds of flour." The case was referred to arbitrators, who reported five dollars damages in favor of the plaintiff. The court below entered judgment for full costs. This court affirmed the judgment.

In Clegg v. Molyneux, *supra,* Lord Mansfield said: "There is a puzzle and perplexity in the cases on this part of the statute and a jumble in the reports." These inconsistencies and perplexities are not reconciled or removed in Williams v. Glenn, *supra.* The court is there made to say: "The Act of 22 & 23 Car. 2, which provides that in the event of a recovery of a sum less than forty shillings, there shall be no more costs than damages, does not apply to trespass *quare clausum fregit.* In support of this view, several English cases are cited; but all of these cases in fact declare the law to be directly the reverse.

We shall not attempt to reconcile the cases where there has been a general finding of less than forty shillings damages on a declaration charging a trespass on both land and personal property. We think, however, the true rule and correct line of separation to be this, to wit: Where the trespass to the land or freehold is laid as the principal cause of action, and the asportavit of that which has been made personal property by severance, is laid in aggravation of the trespass, full costs do not follow without the certificate. Where, on the other hand, the asportavit and conversion of that which has become personal property by the act of the trespasser is laid as a separate and distinct claim, although the plaintiff goes on to charge a trespass on the land, he may nevertheless recover full costs without the certificate.

Tried by this rule, how stands this case?

The declaration charges that the defendants below broke and entered a certain island and close of the plaintiff, and that they seized, took and carried away ten thousand bushels of sand (of which the island was partially composed), of the value of $500, and converted and disposed of the same to their own use; and that they also injured and despoiled the island, &c.

Here, then, a separate and distinct claim is laid for the asportavit and conversion of the sand which is averred to be of great value. It is a well-known article of merchandise. Almost its

entire value is produced by its severance from the freehold. So long as it formed a part of the bar extending from the island, it added no value to the use and occupation of the island. The removal and conversion of the sand was not in aggravation of the trespass to the land; but in itself constituted the main ground of action, and the substantial claim for damages. Hence we conclude the court was correct in entering judgment for full costs.

Judgment affirmed.