## Winger *versus* Rife.

1. Statute 22 & 23 Car. II., c. 9, providing that in actions of trespass, where the verdict is under forty shillings, the costs shall not exceed the damages, and statute 8 & 9 William III., c. 11, providing that where, in actions of trespass, the judge shall on the trial of the cause certify that the trespass was willful and malicious the plaintiff should recover not only his damages but full costs of suit, are both in force in Pennsylvania.

2. The refusal of the court below to certify in accordance with the provisions of the statute last referred to that the trespass in question was willful and malicious is not the subject of review in the Supreme Court.

June 1st 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Franklin county :* Of May Term 1882, No. 60.

Trespass quare clausum fregit, by Abraham Z. Winger against Abraham Rife, to recover damages for breaking down the plaintiff's fences and driving through his close. Defendant pleaded "not guilty," and afterward filed a special plea averring that the public road was impassable, and that he did necessarily and unavoidably enter on plaintiff's close, as it was lawful for him to do. No replication was filed to the special plea, and at the trial, before the jury was sworn, it was withdrawn.

On the trial, before ROWE, P. J., the following facts appeared : The plaintiff was the owner of a tract of land ; the defendant lived in the same neighborhood ; the winter of 1881 was a long and severe one. Running along the plaintiff's land was a road leading from one public road to another, long open and used by everybody. This road became impassable from snow-drifts, and was in that condition for several weeks. The plaintiff and

---

Abraham Rife had tried to open the road to travel, working with horses towards each other from the one end and the other but could not open it. It was dangerous to horses to attempt to force them through the snow-drifts at that part of the road. Persons accustomed to use this road were compelled to leave it and enter the field of Henry O. Rife, pass thence by bars into the plaintiff's field, traverse it in a line parallel with the road and some 12 or 15 feet distant from it, and emerge through bars into a lane which conducted again into the public road. The field was in wheat, the ground frozen and covered with snow.

This usage continued without objection from the plaintiff until 21st February 1881. But about that time the snow began to disappear in places, the ground became soft in the afternoon, and the plaintiff began to fear some injury to his wheat. He resolved to forbid further travel over his land, and put up a written notice on the top rail of the bars, both at the place of entry and exit.

The defendant, on the 21st of February, traveling along this road in a two-horse wagon, finding the road at this point still impassable and dangerous, entered as usual into Rife's field and came to plaintiff's line fence and to the bars on which the notice was posted. He saw the notice. But to go back and take the route to his destination open to him by public road would have required a détour of two miles. He had no other or previous notice or knowledge of objection by plaintiff to further travel over his farm. He disregarded the notice he saw on the fence, opened the bars, and left them open, passed over the plaintiff's field in the usual track, opened the bars at the other side, and went on his way. No actual or appreciable injury was done to the plaintiff's wheat by the public in thus passing over his land. After the defendant had gone through in disregard of the notice, the plaintiff brought this action the same day.

The plaintiff claimed nominal damages only. Counsel on both sides made no argument before the jury. The court thereupon ordered a verdict to be rendered for the plaintiff for nominal damages. Verdict for the plaintiff for one dollar.

Subsequently the plaintiff filed his bill of costs, whereupon defendant obtained a rule to show cause why judgment should not be entered in the cause without costs, or, at most, without more costs than damages.

Plaintiff then moved for a certificate that the action was really brought to try a right besides the mere right to recover damages for the trespass, and further, that the trespass in question was willful and malicious, and committed after notice not to trespass.

[Winger *v.* Rife.]

Subsequently the court overruled plaintiff's motion for a certificate, in the following opinion :

"On the trial the defendant showed in mitigation of damages the condition of the road, but did not at all claim to justify on that ground, but admitted his liability to damages throughout, and as the plaintiff only claimed nominal damages, counsel did not even go to the jury.

"The plaintiff brought this action because his right to exclude the public under the circumstances was questioned by some persons, and he wished to vindicate it.

"Now, under this state of facts, I should have no difficulty in certifying 'that the action was really brought. to try a right besides the mere right to recover damages for the trespass for which the action was brought.' But such a certificate is of no consequence, because the statute 3 and 4 Victoria is not law with us, and it is that statute only which provides for such a certificate.

"It is impossible to say the trespass in respect of which the action was brought was willful and malicious under 8 and 9 Will. III., c. 11. The whole neighborhood had been doing the same under the necessity of the case, and without objection. If the notice had not been given no one would contend that the trespass was even willful. After that, no doubt the entry on plaintiff's land was willful, and the trespass willful in the sense of intentional, but in another sense not willful, but from necessity. It was necessary to go on. Not absolutely necessary, of course, but considering on the one hand the little harm to plaintiff and on the other the considerable inconvenience to defendant of a long détour. If the defendant had received the notice before starting from home, the case would be different.

"If it could be successfully maintained that in view of the impassable condition of the road he had a right to enter on the plaintiff's lands, that would of course show the trespass was not willful and malicious, being no trespass at all. Such a contention receives considerable support from Campbell *v.* Race, 7 Cushing 408, where it is held 'that a traveler on a highway rendered impassable by a sudden and recent obstruction may pass over the adjoining fields so far as is necessary to avoid the obstruction, doing no unnecessary damage. without being guilty of a trespass.' The question was mooted in Holden *v.* Cole, 1 Barr 306, 307. In the same direction are Kent *v.* Judkins, 53 Maine 160; and Hedgepeth *v.* Robertson, 18 Texas 858 (see U. S. Digest vol. 7, 81, pl. 1700–1718; Ibid. vol. 13, 115, pl. 229). It is doubtful, however, whether in our case the obstruction was so sudden and recent as to bring into play the principle of those cases. They show, however, that under circumstances of sudden necessity a traveler may enter another's close from the

[Winger v. Rife.]

highway without a trespass, and show further that the defendant's trespass can not be designated as a willful and malicious one.

"I need not stop to show that a trespass is not necessarily malicious because committed after notice not to trespass (3 East 495, Bowyer v. Cook, 4 D. & L. 816), for it was so held in England before 3 and 4 Victoria, c. 24. Now it seems the notice received by defendant would carry costs in England under the statutes: Jacob's Fisher's Digest, Costs, II., 2610–2613. And since we have no such statute as that last referred to, a certificate that the trespass was committed after notice not to trespass would not in itself amount to anything.

"The only one of the certificates asked for that I could give under the law is that the trespass was willful and malicious, and I decline to give that because the facts do not warrant it.

"I have not been asked to certify, under the 22 and 23 Car. II., c. 9, that the freehold or title of the land was chiefly in question, and I could not have done so if requested. The freehold or title could not be in question under the pleadings, and was not in fact on the evidence. The only issue was not guilty, and by our rule of court, 165, 'In trespass quare clausum fregit the plea of not guilty shall not operate as a denial that the plaintiff had such possession and right of possession to the locus in quo as would enable him to maintain trespass. The allegation of the plaintiff that it is his close must be traversed in a special plea or taken to be admitted.' This rule is taken from and is substantially the same as R. G. H., 4 W. 4, pl. 2, S. 5, (Arch. N. P. 1–314). Under this rule, upon the plea of not guilty, the freehold or title could not be in question. And the special plea was not replied to, and so no issue or question was ever made thereon, and before the trial it was withdrawn. But if it had stood, it would not have involved any question of the freehold or title. For it was a plea, not of any right of way or interest in the land, corporeal or incorporeal, but of a leave and license by law to enter, as would be a plea of entry to distrain for rent in arrears or entry by leave and license of the plaintiff. And as matter of fact, there was no question at all on the trial about the plaintiff's freehold or title.

"Since the freehold or title was not chiefly or at all in question, I cannot certify under 22 and 23 Car. II., c. 9; and since the trespass was not willful and malicious, I cannot certify as required to, 8 and 9 Will. III., c. 11."

Afterward the court made absolute defendant's rule to show cause why judgment should not be entered without costs, ROWE, P. J., filing the following opinion:

"The action was trespass quare clausum fregit. The verdict for $1.00 damages. The pleas were two.

[Winger *v.* Rife.]

" (1.) Not guilty. As to this our rule of court is substantially the same as the General Rule H., 4 Will. IV., and is as follows : ' 165. In trespass q. c. f. the plea of not guilty shall not operate as a denial that the plaintiff had such possession and right of possession to the locus in quo as would enable him to maintain trespass. The allegation of the plaintiff that it is his close must be traversed in a special plea or taken to be admitted.'

" (2.) A special plea of justification, to wit : that the road was impassable, and the defendant did necessarily and unavoidably enter in order to proceed on his way, and did not any injury. No issue was joined on the second plea, and before the trial it was withdrawn.

" The verdict being for less than 40s. and the judge at the trial having refused to certify either under the Act of 22 and 23 Car. II., c. 9, or the Act of 8 and 9 Will. III., c. 11, this rule was obtained. The question is, whether the plaintiff is entitled to full costs. I am of opinion that he is not.

" The first question is whether the statute of 22 and 23 Car. II., c. 9, is in force in Pennsylvania. I should be sorry to think it is not. For one ought to be able to walk in the country on a summer morning and cross a grass field without subjecting himself to costs amounting to many dollars where the damages were not a cent. It was to prevent such trivial and vexatious suits that the statute was passed. It was reported to be in force by the judges, of course on the ground that that part of the law of England was suitable to our condition in the province and had been adopted by the people. From that time on it has been assumed to be the law—whilst there is not one express decision that it is the law here. But the cases all through our books go upon that supposition : Hinds *v.* Knox, 4 S. & R. 417 ; Guffey *v.* Free, 7 H. 384 ; Simonds *v.* Barton, 26 P. F. S. 434. In Chapman *v.* Calder, there is a remark by COULTER, Justice, that in view of the Act of 1814, it would seem that the legislature did not consider the statute of Charles as extended to this country : 2 H. 357. The reason, because it does not apply where the suit originated before a justice. In such case, if the plaintiff recovers over one dollar, he is allowed costs. And why should the rule be different as to cases originally brought in the same forum ? But the argument cuts both ways ; for if the statute of Charles II. be not extended, the plaintiff will have full costs in suits begun in the Common Pleas, though the damages found be less than one dollar—whereas if the same suit came up from a magistrate's court, the plaintiff would lose his costs. And the legislature has, in the Act of 1814, distinctly approved the principle of the English statute in refusing costs for trivial trespasses.

" Mr. Justice MERCUR, in Simonds *v.* Barton (26 P.F. S.), no

[Winger *v.* Rife.]

tices the singular declaration in Williams *v.* Glenn (2 P. & W. 137), that the statute does not apply to trespass quare clausum fregit. The report is very meagre, and I have no doubt the sentence is mutilated by omitting the words ' and carrying away goods.' For the narr. was not only for entering the close but also for carrying away 200 lbs. of flour ; and to such a case the statute does not apply.

" From the beginning, the statute has been confined to trespass q. c. f., and for assault and battery, because in no other case could there be given a certificate, and consequently in all those cases, however meritorious, the plaintiff would lose his costs. And not only so, but the operation of the statute was further narrowed, upon the same reason, so as not to include those cases of trespass q. c. f. where the declaration embraced some other distinct injury to person or personal property, and general damages were given. For where (for instance) the declaration charges an asportavit of personal property as well as an injury to the freehold, that so far as the trespass to the personal property is concerned, the freehold could not come in question, no certificate could be given under the statute, and so that case is not within the statute. And the rule was announced that where the case is such that the judge at the trial cannot in any view of the case grant a certificate within the Act, it is considered to be a case out of the statute. This rule, when applied to the declaration, seems to me to be founded in reason, and to leave the statute intact and operative so far as the lawmakers intended. Now in our case the narr. is in the simplest form for an injury to the land only.

" Proceeding on the same principle of construction, if it is shown by the pleadings that the freehold or title was in question, that is tantamount to the judge's certificate, as if the plea be liberum tenementum. And this I understand to be the principle on which are founded Taylor *v.* Nicholls (3 B. & A. 443), Asser *v.* Finch, and Martin *v.* Vallance. For where a right of way is pleaded it involves the freehold, because it involves the question whether the freehold is subject to the encumbrance of the way.

"When the statute was passed one could not plead double, and under the plea of not guilty the freehold might come in question. The statute 4 Anne changed the one, and the General Rule H., 4 Will. 4, the other. It was held in the earlier cases that whenever a special plea of justification is found against defendant, plaintiff is entitled to full costs, at least if it be a special plea which, like license, excludes all question of title. (Purnell *v.* Young, 3 M. & W. 296). So that if there was a special plea, on which no question of title could arise, the operation of the Act was prevented. Now such pleas must necessarily

raise some question of right, and more was involved than the mere quantum of damages. And after 4 Anne allowed double pleading, and not guilty was added to such a special plea, it was still held, notwithstanding that now the title might come in question under not guilty, that the special plea if found for plaintiff, entitled him to full costs. Now there might have been a certificate in such case, and I take it the true reason why the statute had no operation in case of a special plea of justification was because such a plea always raised some question of right in the plaintiff, and his action could not be 'a trivial and vexatious suit;' and to prevent such only was the Act passed, as it itself declares.

"Further it was held that if, in case of not guilty and a special plea, the issue on the special plea be found for defendant, and the plaintiff on the general issue have damages less than forty shillings, and no certificate, he should have no more costs than damages, (7 East 325). Here, though under the special plea he was trying a right (namely, of common), yet that was resolved against him, and then he stood with only 'not guilty' against his narr. in trespass quare clausum.

"I do not think the true principle on which the plaintiff was given full costs, in any case, on account of the character of his plea, was because upon that plea no question of title could arise and so no certificate could be obtained (though that was the reason usually given), but because the special plea always involved a question of right other than the mere right to recover damages, and showed the suit not to be trivial and vexatious.

"Following the rulings which applied to the plea a principle applicable only to the declaration, Hughes *v.* Hughes (C. M. & R. 663), was decided. PARKES, B. clung to the precedents, and declared that 'if it appears from the pleadings that the freehold can not come in question, the statute does not apply.' Now at this time the rules of H. T., 4 Will. 4, on not guilty pleaded in trespass q. c. f., were in operation. The only plea was not guilty. To WELSBY's unanswerable argument that the rule so construed amounts to a virtual repeal of the statute of Charles II., for now in every case it must appear by the record either that the title did come in question or that it could not come in question, in either of which cases the statute, according to the cases, does not apply, and that such construction will let in all the mischief the statute was intended to remedy, the judge replied, 'I quite agree in that observation.'

"And subsequently the same judge, in Purnell *v.* Young (3 M. & W. 289), referring to the former case, says : 'I think we were wrong in that decision,' and that the judges had so decided in Dunnage *v.* Kemble (3 Bingh. N. C. 538) that he had com-

[Winger *v.* Rife.]

municated with the judges of the Common Pleas and concurred with them in that decision. It is manifest not only from this, but from the case itself, that Dunnage *v.* Kemble was well considered. If it is good law it rules this case—for it is our case exactly—the pleas being not guilty and entry by license, and the latter found for defendant.

"I am aware that in Jones *v.* Thomas, 11 Adol. & Ellis 193, the ruling was again changed, but that was because the general rules of Trin. T. 1 Vict. (8 A. & E. 279) had been made, and we have nothing like them.

"We are not fettered by English decision, and need not hold the absurd doctrine that our rule of court (under which title cannot be questioned) has virtually repealed a beneficent statute, so that it does not cover the very case it was provided for, that of a trespasser who raises no question upon the plaintiff's title, and where the only question is the quantum of damages.

"I have only further to consider the effect of filing the special plea. I have pointed out that it is in the nature of a plea of license by law, and does not involve any question of title or the freehold.

"If there had been an issue on this special plea as well as on 'not guilty,' and such issue found for plaintiff, he would have been entitled to full costs; if found for defendant, no more costs than damages. But issue was not joined on it at all, and it was withdrawn.

"I cannot see upon what ground the mere filing it of record can entitle the plaintiff to full costs. He might have objected to its withdrawal except upon condition of the payment of costs up to that time, or might have asked the jury for full costs because of it, if it occasioned any expense to him.

"I have already stated that the defendant did not attempt to justify in the evidence. Where there is a rule of court such as ours he could not do so without the leave or sufferance of the plaintiff's counsel. And I do not think a question of costs under the statute ought to be left to an examination of the evidence and the merits, but should depend wholly on the record."

Judgment was entered accordingly for the plaintiff for one dollar damages and one dollar costs. Plaintiff thereupon took this writ, assigning for error the action of the court in overruling his motion for a certificate and the entry of judgment as above.

*Stenger* and *McKnight* for plaintiff in error.—The contention is that the provisions of statute 22 and 23 Car. II., c. 9, prevent the plaintiff from recovering more costs than damages. But this statute is not in force in Pennsylvania. The report of the judges in 1808 indeed recognizes the statute as in force, but this

report has never received legislative sanction. Subsequent cases have considered the statute not to be in force, and such is the effect of subsequent legislation : Hinds *v.* Knox, 4 S. & R. 419 ; Chapman *v.* Calder, 2 Harris 358.

If the statute of 22 and 23 Car. II, c. 9, be in force, so is statute 8 and 9 Wm. III, c. 11, which provides that where the judge shall certify that the trespass is willful and malicious, plaintiff shall recover his full costs irrespective of the amount of damages. The evidence is clear that the trespass in the present case was " willful and malicious :" Brightly on Costs 38, 39 ; Bowyer *v.* Cook, 56 E. C. L. 235 ; Reynolds *v.* Edwards, 6 Term. 11 ; Swinnerton *v.* Jervis, 3 East 497.

The evidence offered by the defendant was in justification. He is therefore liable for full costs ; 2 Troubat & H. Pr. 67 ; Jones *v.* Thomas, 39 E. C. L. 124 ; Taylor *v.* Nichols, 5 E. C. L. 341 ; Brightly on Costs 37.

*J. McD. Sharpe* and *Gillan* (with whom was *Orr*), for the defendant in error.—Statute 22 and 23 Car. II, c. 9, is in force in this state. The report of the judges declares it to be so, and GIBSON, C. J., in Hinds *v.* Knox, 4 S. & R. 417, did not deny it to be so. There are many decisions recognizing that the statute is in force : Brightly on Costs 30 ; Guffey *v.* Free, 7 Harris 384 ; Simonds et al. *v.* Barton, 26 P. F. S. 434.

The trespass was clearly not willful or malicious within the meaning of 8 and 9 William III, c. 11, sec. 4.                    .

Chief Justice SHARSWOOD delivered the opinion of the court, October 2d 1882.

It is too late now to raise the question whether the statute 22 and 23 Car. II., c. 9, and 8 and 9 William III., c. 11, are in force in this state. The report of the judges, frequent recognition in the opinions of this court, if not direct decisions and uniform practice have settled it. The refusal of the certificate is not the subject of review in this court. We affirm this judgment upon the opinion of the learned judge in the court below.

Judgment affirmed.