## Knappenberger, Appellant, v. Roth.

*Costs—Act of 22 and 23 Charles II., chap. 9—Trespass.*

The act of 22 and 23 Charles II., chap. 9, relating to costs where the damages are under forty shillings, is in force in Pennsylvania.

*Justice of the peace—Appeal.*

Where a justice of the peace has original jurisdiction, the cause of action cannot be departed from in the common pleas, whatever change may be made in the pleadings or the evidence.

*Trespass—Appeal—Costs—Justice of the peace.*

The act of April 9, 1833, relating to costs on appeals from justice of the peace applies as well in torts as contracts: King v. Boyles, 31 Pa. 424, applied.

Plaintiff brought suit before a justice of the peace to recover damages for injuries to crops caused by defendant's cow breaking down a division fence, and recovered a judgment for $20.00 and costs. Defendant appealed, and on the trial the jury rendered a verdict for plaintiff for $1.73. The court below applying the statute of 22 and 23 Charles II., chap. 9, entered judgment on the verdict for no more costs than damages. *Held*, to be error, and that, under the act of April 9, 1833, plaintiff was entitled to full costs.

Argued Feb. 1, 1893.   Appeal, No. 139, Jan. T., 1893, by plaintiff, Thomas Knappenberger, from judgment of C. P. Lehigh Co., Jan. T., 1892, No. 56, for no more costs than damages, on verdict for plaintiff, against Paul Roth.   Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Appeal from justice of the peace.

The facts as they appeared in the court below before ALBRIGHT, P. J., are stated in the opinion of the Supreme Court.

*Errors assigned* were, (1) entry of judgment as stated below, (2) not entering judgment for full costs.

*James S. Biery,* for appellant, cited: Painter v. Kistler, 59 Pa. 334; Wilkinson v. Grey, 14 S. & R. 345; Lewis v. England, 4 Bin. 5; Downs v. Lewis, 13 S. & R. 198; Hinds v. Knox, 4 S. & R. 417; Chapman v. Calder, 14 Pa. 358; Simonds v. Barton, 76 Pa. 436; Lauchner v. Rex, 20 Pa. 469; Williams v. Glenn, 2 P. & W. 137; Renick v. Boyd, 99 Pa. 559; Dolph v. Ferris, 7 W. & S. 368.

*Milton C. Henninger,* for appellee, cited: Dolph v. Ferris, 7 W. & S. 367; Winger v. Rife, 101 Pa. 152.

OPINION BY MR. JUSTICE DEAN, March 27, 1893:

Knappenberger and Roth were the owners of adjoining farms in South Whitehall township, Lehigh county. They maintained jointly a partition fence between them. In 1891, Knappenberger planted one of the fields on his side with corn; at the same time Roth pastured his cattle in his field on the opposite side. One of his cattle was a mischievous cow that often broke the fence between, and then the whole herd would pass through and destroy the corn. Knappenberger several times notified Roth of this propensity of his cow, and requested him to take her out of the herd, but Roth paid no attention to him. Then Knappenberger brought suit before a justice of the peace, claiming damages to his corn, the growing crop. Roth defended, averring that the portion of the partition fence which Knappenberger ought to have kept up was in bad condition, and not sufficient protection against cattle of orderly habits.

The justice gave judgment in favor of Knappenberger for $20 and costs; Roth appealed, and, on filing his transcript, entered the plea of nil debet, and the appeal was tried on this issue before a jury, who rendered a verdict for plaintiff for $1.73. Roth then entered a rule on Knappenberger to show cause why judgment should not be entered on the verdict for no more costs than damages. The court below thought the case was ruled by the British statute 22 and 23 Charles II., chap. 9, which provides:

" That from and after the 1st day of May aforesaid, in all actions of trespass, assault and battery and other personal actions, wherein the judge, at the trial of the cause, shall not find

and certify under his hand upon the back of the record that an assault and battery was sufficiently proved by the plaintiff against the defendant, or that the freehold or title of the land mentioned in plaintiff's declaration was chiefly in question, the plaintiff in such action, in case the jury shall find the damages to be under the value of forty shillings, shall not recover or obtain more costs of suit than the damages so found shall amount to : " Roberts's Dig. Brit. Stat. 138.

It was accordingly ordered that judgment be entered for no more costs than damages.

That this statute is in force in Pennsylvania, there can be no question. It was reported to be in force by the judges, and was assumed to be, in Hinds v. Knox, 4 S. & R. 417 ; Guffey v. Free, 19 Pa. 384, and Simonds v. Barton, 76 Pa. 434. At last in Winger v. Rife, 101 Pa. 152, Chief Justice SHARSWOOD, delivering the opinion of this court, said : " It is too late now to raise the question whether the statute 22 and 23 Charles II., chap. 9, and 8 and 9 William III., chap. 11, are in force in this state. The report of the judges, frequent recognitions in the opinion of this court, if not direct opinions, and uniform practice have settled it."

The mischief which the British statute intended to remedy, as itself declares, was to " avoid infinite numbers of small and trifling suits commenced in the courts of Westminster."

In the suit before us, the title to the land did not come in question, and of course the judge of the common pleas, which court in jurisdiction is like unto the courts of Westminster, could not certify on the back of the record that it was an exception to the general words of the statute limiting the costs to the amount of the verdict. The amount, then, of the damages, $1.73, being under forty shillings or $5.33 (Pennsylvania currency), places it among " the infinite number of small and trifling suits " which it was the object of the statute to "avoid" by imposing as a penalty on the suitor an inability to recover more than " small and trifling " costs ; that is, if the question is determined by the statute quoted. But is it? It will be noticed that the suit was originally brought before a justice of the peace, who rendered judgment in favor of plaintiff for $20.00, and the defendant brought the suit into the common pleas by appeal. The act of assembly of March 22, 1814, provides : " That

the justices of the peace of the several counties of the commonwealth, and the alderman of the city of Philadelphia, shall have jurisdiction of actions of trover and conversion, and of actions of trespass brought for the recovery of damages for injury done or committed on real and personal estate, in all cases where the value of the property claimed, or the damage alleged to have been sustained, shall not exceed one hundred dollars." The act then points out how the trial shall be had before the justice, provides for the appointment of referees, and then comes this proviso : " provided always, that if the damages so found by the justice, alderman, or referees shall not amount to more than one dollar, the plaintiff or plaintiffs shall not recover more costs than damages."

From the admitted and assumed facts in this case, the action was clausum fregit, or rather it would have been so termed before the procedure act of 1887, and it was expressly agreed by the parties that the title to the land was not in question. The jurisdiction, then, of the justice, under the act of 1814, it seems to us, could not be questioned; the court had jurisdiction on appeal, only because the justice had original jurisdiction of the cause of action ; nor can the cause of action, whatever change may be made in the pleadings or evidence, be departed from in the common pleas. The appeal is from the judgment of the justice, because the appellant alleges injustice, either in the application of the law or the findings of fact.

Under the Charles II. statute, this defendant, when he gets into the common pleas, invokes a rule of which he could not get the benefit before the justice; for he admits that if the judgment of the justice had been for the same amount as the verdict of the jury, and had not been appealed from, the plaintiff would have recovered full costs.

The court decided that the act of 1814 applied only to cases where the judgment of the justice was final because of acquiescence of parties, or because of smallness of amount, but that on appeal, when the verdict was below the forty shillings limit, then the British statute applied and the plaintiff's costs were kept down to the amount of his damages.

It is not necessary to discuss the question as to which statute would have determined plaintiff's right before the passage of the act of the 9th of April, 1833, which provides : " The

costs on appeals hereafter entered from the judgment of justices of the peace and aldermen shall abide the event of the suit, and be paid by the unsuccessful party as in other cases." A reference to this act in P. L. 480 shows that the subject of the act was the collection of debts ex contractu, and in King v. Boyles, 31 Pa. 424, it was argued that the provision as to costs on appeal was applicable only to actions on contract; but this court, in an opinion by Justice WOODWARD, held that it applied to all appeals from judgments where jurisdiction had been conferred on justices of the peace. The case decided was precisely the one before us in all its features. Boyles brought suit against King before a justice of the peace to recover damages for trespass to real estate, and got judgment for $35.00; King appealed, and the verdict in the common pleas was only ten cents. The court entered judgment for full costs, and this court affirmed the judgment, saying that up to the passage of the act of 1833, "under various acts of assembly that attempted to apportion costs according to the results of the litigation, embarrassing questions had sprung up, and the legislature must be presumed to have realized the difficulty of making equitable distribution of costs in contingencies that could not be anticipated. With the whole subject before them, they prescribed a simple and easy rule in language comprehensive enough to embrace all appeals from justices, as well in torts as contracts." This left the act of 1814, as well as that of 1816, so far as they regulated the right to costs on the trial before the justice, stand just as before, but ruled that on appeal to the common pleas the plaintiff, if successful, was entitled to full costs. Nor does the decision undertake to disturb the effect of the Charles II. statute on actions of trespass to land originally brought in the common pleas. This court decided just this and no more, to use its own language in that case: "We now rule that the costs on appeals in trespass and trover, as well as in other cases, are to abide the event."

It is but justice to the learned judge of the court below to say that the case of King v. Boyles was not called to his attention on the argument before him. If it had been, his decree would doubtless have been the same as ours.

The decree of the common pleas is reversed, and it is directed that judgment be entered on verdict for plaintiff with full costs.