## Starr v. Thompson.

*Costs—Trespass quare clausum fregit—Practice, C. P.—Title to land—Certificate of judge.*

1. The British Statute of 22 and 23 Charles II, ch. 9, extends only to actions of trespass *quare clausum fregit* and actions of assault and battery, and in the former case plaintiff will be entitled to no more costs than damages where the verdict does not amount to forty shillings, unless the judge shall certify that the freehold or title was chiefly in question.

2. Such certificate may be granted at any time between verdict and final judgment.

3. A certificate was granted under the facts in this case.

Motion for certificate for costs. C. P. Butler Co., Sept. T., 1915, No. 25.

*S. F. Bowser*, for plaintiff; *Brandon & Brandon*, for defendant.

Reiber, P. J., July 15, 1921.—This is an action of trespass *quare clausum fregit*, plea, not guilty. On trial of the case the jury returned a verdict for plaintiff for 6¼ cents damages, and the cause is now before us, before final judgment, on motion of plaintiff for a certificate of the court setting forth that title to land was involved in the said suit, and to direct judgment to be entered in favor of the plaintiff against the defendant for amount of verdict with full costs, the defendant contending that the plaintiff is entitled only to judgment for verdict with costs to the amount thereof.

The British Statute 22 and 23 Charles II, ch. 9, for the prevention of trivial and vexatious suits in law, has been held by the appellate court to be in force in Pennsylvania, and, notwithstanding the general word "trespass," and the more general words "other personal actions," are contained in the act, yet the construction from early times has been that it only extends to actions of trespass *quare clausum fregit* and actions of assault and battery, and that plaintiff will be entitled to no more costs than damages where the verdict does not amount to 40 shillings, unless the judge shall certify, pursuant to the statute, that such freehold or title was chiefly in question, and such certificate may be granted at any time between verdict and final judgment: Winger *v.* Rife, 101 Pa. 152; McCormick *v.* Northeim, 20 Dist. R. 112; Kunkle *v.* Aiken, 23 W. N. C. 372; Simonds *v.* Barton, 76 Pa. 434.

1 D. & C.

Starr *v.* Thmopson.

The only question for our determination, therefore, is whether or not such certificate should be allowed, depending upon whether or not the title to land was involved in the case. The action was between two adjoining land owners, the plaintiff alleging that defendant's cattle were in his field and that defendant had set, or attempted to set, posts over the line upon his land. These averments were specifically denied by the defendant, claiming that he was not over the line, but upon his own land and not upon the land of the plaintiff. The case, therefore, primarily involved the true division line between the land of the plaintiff and the lands of the defendant to determine whether or not a trespass had been committed by defendant, and, in our opinion, the title to land was, therefore, involved in the suit, and the motion must be allowed.

And now, July 15, 1921, it is hereby certified that the title to land was involved in said action, and it is ordered and directed that judgment be entered in favor of plaintiff and against defendant for 6¼ cents, with full costs.

From James E. Marshall, Butler, Pa.