## Huray et al. v. Penarski

*E. J. Mullen,* for plaintiff; *Lilley & Wilson,* for defendant.

TERRY, P. J., January 23, 1935.—The parties are adjoining land owners. The plaintiffs sued in trespass alleging that the defendant had removed rock and stones from his land and placed them on plaintiffs' land, and that by reason thereof they had suffered the loss of the use of their land and would be put to great expense in the removal of said rocks and stones. Damage in the sum of $200 was alleged.

At the trial, the evidence showed that the defendant, in casting stones on the boundary wall of the parties, had caused some of them to be deposited on the plaintiffs' land.

The jury returned a verdict for the plaintiffs for $1, and after the entry of judgment this rule was obtained, the defendant claiming that the plaintiffs are entitled to no more costs than damages, under the statute of 22 and 23 Car. II, ch. 9, in force in Pennsylvania, denying costs to plaintiffs in actions of trespass q. c. f. when the verdict is less than $5.33 1/3, unless the trial judge has, at the trial, certified that the title of land involved was chiefly in question.

In this case such title was not in question. Had it been, the judge's certificate must have been given before the entry of judgment in order for the plaintiffs to have full costs: Simonds et al. v. Barton, 76 Pa. 434.

The aforesaid statute does not apply to actions of trespass on the case, and while, by the Act of May 25, 1887, P. L. 271, the distinction between actions ex delicto was abolished, so far as related to procedure, it still exists in the application of the aforesaid statute to the matter of costs arising in cases like

the one before us. The fundamental requirements have not been changed: Griffin et al. v. Delaware & Hudson Co., 257 Pa. 432.

The question therefore arises whether if this case had been brought before the passage of the Act of May 25, 1887, P. L. 271, it would have been in trespass or trespass on the case: if the latter, the plaintiffs are entitled to full costs.

In trespass q. c. f. the entry upon the plaintiff's land by the defendant "need not be in person but may be by the projection of force beyond the boundary of the land where the projecting instrument is employed. Thus, the trespass may be committed by casting earth, or other substances, upon another's land, by projecting anything into, over, or upon the land": 63 C. J. 897.

"The boundary between trespass *vi et armis* and trespass on the case, is frequently a very narrow one. But all the authorities, both ancient and modern, agree in this,—that if the injurious act be the immediate result of the force applied by the defendant, and the plaintiff be injured by it, it is the subject of an action of trespass *vi et armis*": Berry v. Hamill, 12 S. & R. 210, 212. See also, Bigler & Son v. O'Connor et ux., 2 W. N. C. 180.

In the case before us the injury—the plaintiffs' deprivation of the use of the land—was the direct result of the casting by the defendant of stones upon it. There was no intervening agency.

This is not the case of an injury to one ensuing from an act of another upon his own land. The trespass and resultant injury here were upon the plaintiffs' land: See Mulchanock v. Whitehall Cement Mfg. Co., 253 Pa. 262.

We conclude that before the Act of 1887 the action brought in the instant case would have been in trespass q. c. f. and not on the case, and that therefore the statute of 22 and 23 Car. II is applicable, and the plaintiffs are not entitled to more costs than damages: the $1 found by the jury.

The plaintiffs invoke the Act of March 22, 1814, 6 Sm. L. 182, giving justices of the peace jurisdiction in actions of trespass q. c. f. where the damages alleged to have been sustained do not exceed $100, but providing that if the damages found shall not amount to more than $1, the plaintiff shall not receive more costs than damages; and cite Clark v. M'Kisson, 6 S. & R. 87 and Moyer v. Illig, 52 Pa. 444, where the verdicts were respectively $30 and $45, but the plaintiffs were allowed full costs. It will of course be observed that such verdicts were for more than $5.33.

However, in Knappenberger v. Roth, 153 Pa. 614, the Supreme Court said, on page 618, after referring to the Act of 1814 and then to King v. Boyles, 31 Pa. 424, where costs were allowed on a verdict for 10 cents, though the justice's judgment was for $35, "Nor does the decision undertake to disturb the effect of the Charles II statute on actions of trespass to land originally brought in the Common Pleas. This court decided just this and no more, to use its own language in that case: 'We now rule that the costs on appeals in trespass and trover, as well as in other cases, are to abide the event.' "

This we understand to mean that said statute of Charles II still applied to such a case as the one before us, as we view it, and as the verdict here was for less than $5.33—for only $1—the plaintiffs are entitled to but $1 costs.

Accordingly the rule is made absolute.