Soltaniuk, Exr., Appellant, *v.* Metropolitan Life Insurance Company.

Argued October 4, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

538

*Joseph Blank,* for appellant.

*John Bishop,* with him *Owen B. Rhoads,* and *Dechert, Smith & Clark,* for appellee.

OPINION BY KELLER, P. J., December 13, 1939:

This appeal deals only with the question, which of the parties is liable to pay the costs on appeal, including the printing of the paper books under the Act of April 27, 1909, P. L. 263, in the case between the same parties, reported in 133 Pa. Superior Ct. 139, 2 A. 2d 501?

A reference to the facts in that case shows that the plaintiff as executor of Steve Johnson brought an action against Metropolitan Life Insurance Company on a policy issued to Johnson, payable to his estate, and on February 10, 1937 recovered a verdict for $1086.50, the face of the policy $1000, plus interest.

On the trial the defendant had presented a point requesting binding instructions for the *plaintiff* for $42.71, for which it admitted liability.

Following the verdict, the defendant moved (1) for a new trial and (2) for judgment non obstante veredicto upon the whole record, under the Act of April 22, 1905, P. L. 286.

The court discharged the rule for a new trial, but on May 5, 1937 entered judgment non obstante veredicto for the *defendant*. Plaintiff appealed to this court on May 19, 1937.

We reversed the judgment of the court below and entered judgment for the plaintiff for $42.71, with interest from February 10, 1937, which, we held, was the judgment which should have been entered by the court below on the evidence in the record.

While this judgment was much less than the amount plaintiff was contending for, nevertheless the final decision was rendered in his favor, even though for a much less amount than the verdict, and it carried the costs of the appeal with it: *King v. Boyles*, 31 Pa. 424; *Knappenberger v. Roth*, 153 Pa. 614, 26 A. 223; *Henning v. Keiper*, 43 Pa. Superior Ct. 177; *Knoller v. Everett Realty Co.*, 65 Pa. Superior Ct. 169, 170, 174-5.

When the court below, instead of entering judgment non obstante veredicto for the plaintiff for $42.71, erroneously entered judgment for the defendant, it was the latter's duty promptly to call the court's attention to the error, in order that it might be corrected before an appeal was taken by plaintiff. If it had done so, and the judgment had been corrected by the court to conform to defendant's point for binding instructions, then an appeal by the plaintiff from that judgment would have been dismissed and the judgment would have been affirmed, and the costs on appeal would have been payable by plaintiff, the losing party on the appeal, just as in *Matthews v. Tyrone Coal Co.*, 74 Pa. Superior Ct. 588.

Having failed to call the error to the court's attention and thus have it rectified without appeal, the defendant must accept the consequences resulting from its failure to act, even though the plaintiff's reversal of the judgment on appeal was a Pyrrhic victory. The 'final decision', referred to in the Act of 1909, was rendered in this court in favor of the plaintiff for $42.71, instead

of $1000, but it was in his favor, and carried the costs on appeal.

What we have said applies to the judgment of this court entered March 4, 1938.

The plaintiff not being satisfied with that judgment filed a petition for a re-argument, which was granted, and on November 18, 1938, after re-argument, the same judgment was entered as that of March 4, 1938.

A re-argument is not the equivalent of a second appeal following the reversal of a judgment, and it does not have the effect, as to payment of costs, that a second appeal does. See *Penna. Co. v. Wallace,* 44 Pa. Superior Ct. 64. We think, however, that if no change results from it, the petitioner for the re-argument should pay the costs attendant on the re-argument, just as a party who secures the continuance of a case on trial, subject to payment of costs, must pay the witness bills incurred at that session, irrespective of the final outcome of the case.

We are of opinion that as the re-argument held on plaintiff's petition resulted in no change in the judgment, the costs on the re-argument should be paid by the plaintiff; but that the other costs are payable by the defendant.

The order of the court below is reversed. Defendant's rule to show cause why the prothonotary should not satisfy the judgment in favor of the plaintiff on payment of the difference between the costs and the amount of the judgment is discharged, and the defendant is ordered to pay the judgment and costs, including the costs on the appeal up to the filing of the petition for re-argument, and the costs on the present appeal. The cost of printing the paper books, etc., on the re-argument to be paid by plaintiff.