## Portable Realty Corp. v. Burroughs Co.

*David B. Buerger* and *Smith, Buchanan & Ingersoll,* for plaintiff.

*J. M. Stoner & Sons,* for defendant.

ADAMS, J., March 4, 1949.—Plaintiff filed a "Declaration" in an "Action of Waste". A preliminary objection raises the questions whether an action of waste may be maintained in Pennsylvania, and whether an action of trespass for waste may be maintained on the facts averred.

The pertinent facts set forth in the declaration may be briefly stated. Plaintiff owned a commercial building consisting of several floors. Defendant was the tenant of the first floor. The declaration does not include a copy of the lease but alleges that "defendant agreed in the lease to accept the premises in their then condition and to make all repairs and improvements it might deem necessary at its own risk". Defendant made "extensive structural changes", increasing the number of electrical outlets. This so increased the load on the building's electrical circuits that plaintiff was required by the municipal authorities to make some new installations. Plaintiff alleges that defendant's conduct, described above, constituted voluntary waste and demands recovery of treble the cost of the new installations. Plaintiff conveyed the real estate to others before this action was brought.

The action of waste has never been used in Pennsylvania. No report of a case proceeding under such form of action has been found. Counsel for the parties admit that their research has discovered none. Duncan, J., in Lyle v. Richards, 9 S. & R. 322 (1823), mentions the action, but in Shult v. Barker, 12 S. & R. 272 (1825), he wrote that the writ of waste apparently had not been resorted to in Pennsylvania and observed that in England the action on the case in the nature of waste had been substituted for the action of waste. Many cases where waste was committed have come before the Pennsylvania courts as actions of trespass on the case and, after the Procedure Act of May 25, 1887, P. L. 271, trespass. These, not the action of waste, were regarded as the proper actions.

"This is an action of trespass to recover damages for alleged waste committed by the defendant while a tenant of the plaintiff. The jury awarded damages in the sum of $1. Prior to the passage of the Procedure Act of 1887, it would have been an action on the case": Savage v. McHale, 8 Dist. R. 560 (1899).

"It thus appears that while in accordance with the requirements of the Act of May 25, 1887, P. L. 271, this was in form an action of trespass; the plaintiffs declared for an injury to their inheritance resulting from the acts of the life tenant, and that prior to the Act in question the form of action would not have been in trespass, but in case": Morris v. Knight, 14 Pa. Superior Ct. 324 (1900).

An incident of the action of waste was forfeiture of the thing wasted. But in Willard et al. v. Willard et al., 56 Pa. 119, at page 129, Agnew, J., said, "I remember of no case of forfeiture of a life estate by waste expressly decided". Two centuries of practice indicate that the action of waste is not now available as a form of action in Pennsylvania. Plaintiff resists this

conclusion, asserting that a form of action given by statute is not to be abolished by nonuser.

Plaintiff's argument is based on three conceded premises: (1) The Statute of Gloucester, 6 Edw. I, c. 5 (1278), gave an aggrieved party the right to proceed by writ of waste (action of waste); (2) the Report of the Judges of the Supreme Court, 3 Binney 601 (1808) declared the Statute of Gloucester to be in effect in Pennsylvania; (3) no Pennsylvania statute has abolished the action. We doubt very much whether the judges, by their report, intended that the action of waste should be preserved. As pointed out, the action was already obsolete here and had fallen into disuse in England. It is more likely that the effectiveness to be given the ancient English statute was intended to extend only to a designation of the class of tenants who were subject to liability for waste.

If the report of the judges continued (or rather, revived) the action of waste, it does not follow that the old statute became the equivalent of a statute enacted by the Legislature of Pennsylvania. There is a dearth of authoritative discussion on the subject. It is our opinion, however, that long continued practice may abolish a form of action which was created by an English statute declared in the report of the judges to be effective here. In Winger v. Rife, 101 Pa. 152, 160 (1882), Sharswood, J., considered whether to give effect to an early statute reported by the judges to be in effect. He was not content to rest his conclusion on the report of the judges alone, but went on to say "frequent recognition in the opinions of this court, if not direct decision and uniform practice, have settled it". Sharswood, J., seldom indulged in surplusage. An action of waste may not be maintained.

Plaintiff will be permitted to amend the complaint and proceed in assumpsit or trespass. We are unable, from the facts averred, to say which form of action

should be adopted. Substantively the complaint does not set forth a good cause of action for waste. No default or wrongful conduct of the lessee is clearly averred. Was defendant negligent? Was defendant's conduct unauthorized? See Liability for Waste, 8 Columbia Law Review, 624, 628. If the amended complaint is for trespass or trespass for waste it must allege some facts constituting wrongful conduct of defendant. If the amended complaint is in assumpsit the contract should be attached to the complaint and the nature of the breach clearly alleged.

It is not essential, as defendant argues, that a plaintiff have an interest in the real estate involved at the time of commencing an action of trespass for waste. We find no Pennsylvania case on the point. The rule, in 67 C. J. 631, is as follows:

"Moreover, no person can maintain the action unless he has an estate of inheritance in him at the time when the waste is committed, although such interest need not continue to exist in plaintiff at the time of the commencement of the action."

Judge O'Toole concurred in the result.