161         5
 32 SC ¹ 39

## Winkleblake, Appellant, *v.* Van Dyke.

*Practice—Pleading—Statement—Act of May* 25, 1887.

Under the act of May 25, 1887, P. L. 271, a statement should contain all the ingredients of a complete cause of action averred in clear, express, and unequivocal language, so that if the defendant is unable to controvert or deny one or more of the material averments of claim, a judgment in default of an affidavit or sufficient affidavit of defence may be entered and liquidated.

Where suit is brought to recover damages for particular breaches of a parol contract involving a number of stipulations, there must be an averment, not only as to the aggregate loss, but specific statements of the dam age sustained in the several distinct particulars

Argued March 13, 1894. Appeal, No. 155, July T., 1893, by plaintiff, Levinia Winkleblake, from judgment of C. P. Clinton Co., May T., 1892, No. 43, on demurrer in favor of defendant, Henry H. Van Dyke. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Assumpsit for breach of parol contract. Before MAYER, P. J. The facts appear by the opinion of the Supreme Court.

The objectionable paragraph of the demurrer is not printed in the paper-books but appellee's argument contains a reflection on the character of plaintiff.

*Error assigned* was in sustaining demurrer.

*A. F. Ryon, W. H. Clough* with him, for appellant, cited: Act of March 21, 1806, 4 Sm. L. 328; McCarney v. McCamm, 2 Brown, 40; Pedan v. Hopkins, 13 S. & R. 45; Purviance v. Dryden, 3 S. & R. 402; Reed v. Pedan, 8 S. & R. 263; Camp v. Bank, 10 Watts, 130; Act of May 25, 1887, P. L. 271; Blachard v. Hunter, 7 Pa. C. C. R. 552; Gould v. Gage, 118 Pa. 554; Henry v. Lynde, 12 Pa. C. C. R. 189; Newbold v. Pennock, 154 Pa. 591; Am. & Eng. Ency. of Law, 831; Lloyd v. Altoona, 134 Pa. 545.

*C. S. McCormick,* for appellee, cited: Fritz v. Hathaway, 135 Pa. 274; Byrne v. Haden, 124 Pa. 170; Rambo v. Nipple, 12 Pa. C. C. R. 516.

OPINION BY MR. JUSTICE DEAN, April 2, 1894:

This is an appeal by plaintiff from the judgment of court below, sustaining a demurrer to plaintiff's statement of cause of action. The statement avers that on 18th of May, 1886, defendant made an oral agreement with plaintiff, who then resided in Lock Haven, to keep a boarding house for him at certain lumbering operations in West Virginia; this to continue while his lumbering business lasted; in view of removal to another state, she was to keep herself in such a state of readiness that she might start immediately on notice from him. Further, that defendant agreed to purchase for her in West Virginia a house suitable for a boarding house at an expense of $1,500, and fur-

nish it in addition at a cost of $500, and then convey the whole to her free of all incumbrance; in addition, agreed to pay her cost of traveling to West Virginia, and expenses incident to breaking up her home in Lock Haven with a view to removal.

She then avers that, relying on this undertaking of defendant, on the 15th of June, 1886, she did break up her home in Lock Haven, sold a large portion of her goods and furniture, and at the request of defendant went to Harrisburg to await his further directions, where she waited two years for such direction, but defendant gave none, and in all particulars failed to perform his agreement and promises, except that he paid to her the sum of one hundred dollars. She further avers, she has thereby sustained the loss of the house and furniture which he promised to convey to her, valued at $2,000, damages in loss of profits in keeping the boarding house as expected by her, damage to the amount of money expended in removing to Harrisburg, and living there unemployed for two years, awaiting defendant's direction, and that the whole sum of her damages is $5,000. Then follow the common counts in assumpsit for goods sold and delivered, work and labor done, money paid to use of defendant, money received by him to her use, and for money due on an account stated, her damage on each count being laid at $5,000.

The demurrer denies: 1. That the statement sets out a good cause of action. 2. Denies that it is a sufficient statement under act of May 25, 1887.

Was the court right in sustaining the demurrer? That is the only question for our consideration. The act of May 25, 1887, was passed to simplify pleading. In construing it, we are not disposed to regard any mere formal defects as fatal. But as was said with reference to the act in Fritz v. Hathaway, 135 Pa. 274: " As to all matters of substance, completeness, accuracy and precision are as necessary now to a statement as they were before to a declaration in the settled and time-honored forms." Or as is said by the present Chief Justice in Byrne v. Hayden, 124 Pa. 170: " The act of 1887, providing for filing statement of claim, etc., was intended to have a wider scope than the old affidavit of defence law. It is necessary, however, that the statement should contain all the ingredients of a complete cause of action averred in clear, express and unequiv-

ocal language, so that if the defendant is unable to controvert or deny one or more of the material averments of claim, a judgment in default of an affidavit or sufficient affidavit of defence may be entered and liquidated." These authorities, in effect, only hold that the act of 1887 shall be given its palpable meaning. It was intended to dispense with formality, but to insist on matters of substance, indispensable to an intelligent and just judgment between the parties.

Assuming here, what we do not concede, that the date of the agreement and the scope of it are stated with sufficient accuracy, for what breaches of it, and in what particulars, shall the court, in default of an affidavit of defence, enter judgment? He did not convey to her the boarding house and furniture which were to be of the value of $2,000, when ready for her occupancy and use; but she did not go to a lumbering district in West Virginia; did she sustain damage to the full amount of the $2,000 when the consideration did not pass, or were her damages less, because she was saved the inconvenience and expense she would have been subjected to had she gone there? It must be assumed that something was to be done or suffered on her part as a consideration for this valuable transfer of property.

He promised, if she would leave her home and friends in Pennsylvania, and work in a boarding house in a rude lumbering camp in another state, he would convey to her $2,000 worth of real and personal property; by reason of his failure to provide for her journey she did not leave Pennsylvania, and did not conduct a boarding house in West Virginia. Her damages, if any, are measured by the loss she sustained and not solely by the value of the property promised. The contract is not to be enforced specifically, as would be the result, if, when the consideration for the promise did not pass, she were awarded damages to the value of the property. She is to be made whole for loss suffered, which, from her statement in this particular, certainly did not equal the value of the property.

Again, it is stated, he did not pay her the expenses incurred in breaking up her home in Lock Haven. How shall this be liquidated? She says she sold a portion of her furniture, but does not say for less than it was worth; it may have realized more than its value.

She suffered loss by reason of being out of employment at Harrisburg ; what was her actual loss, as measured by the value of her labor during this interval? How much per week or month? She lost the profits which might have accrued to her from keeping the prospective boarding house. On what does she base her estimate of profits? How much per week, month, or year?

Assuming the agreement was made as stated, there is no averment of damage, in any one of the particulars set out in the statement, specific enough to have justified either admission or denial. The lumping of the whole at $5,000 in the common counts, as is well known, is wholly formal, and these counts since the act of 1887 seem altogether out of place. As her damages, if any, arose because of specific loss by reason of particular breaches of a parol contract involving a number of stipulations, there must be an averment not only as to the aggregate loss, but specific statements of the damage sustained in the several distinct particulars. If plaintiff cannot state these damages with more particularity, then she cannot prove them, and a jury would not be permitted to find them in her favor. It is not the form that is objectionable in this statement; there is no substance in it, under the act of 1887, which would warrant a judgment for plaintiff.

As to the last paragraph of the demurrer of which appellant complains, it is the one objection we sustain. Its insertion in the argument by counsel for appellee is not creditable to him, and certainly adds no strength to his reasoning; if anything, it besmirches an otherwise clean cause.

. The judgment is affirmed, and appeal dismissed at costs of appellant.