# Busch v. Calhoun.

*Appeal—Erroneous reason for correct judgment.*
A correct judgment will not be disturbed although based on an erroneous reason.

*Cause of action—Trespass quare clausum fregit.*
Trespass quare clausum fregit cannot be maintained if the defendant was in possession of the locus in quo when the alleged trespass was committed, and had been in possession for some years previous thereto.

*Practice—Act of 1887—Distinctions of form and substance.*
The act of 1887 while abolishing certain distinctions in action makes

no change as to the particularity with which matters of substance, indispensable to an intelligent and just judgment between the parties, must be set out.

*Practice, C. P.—Pleading—Cause of action.*

Under the Act of May 25, 1887, P. L. 271, trespass will lie for the use and occupation of premises, the possession of which was not in the plaintiff during the period sued for but the cause of action must be adequately set out in the pleading.

Argued Nov. 22, 1899.   Appeal, No. 143, Oct. T., 1899, by plaintiff, in suit of Kate M. Busch against William Calhoun, Sr., from judgment of C. P. Delaware Co., March T., 1897, No. 156, on verdict for defendant.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by ORLADY, J.

Trespass to recover damages for the unlawful occupancy of plaintiff's ground.

The following appears from the plaintiff's statement:

For that the said defendant heretofore, to wit: on November 1, 1895, with force and arms, etc., broke and entered the close of the said plaintiff, that is to say, " All that certain lot or piece of ground, situate in the borough of Norwood, county of Delaware, and state of Pennsylvania, designated on the plan of Norwood and recorded in the office of the recorder of deeds, etc., in and for the county of Delaware aforesaid, in deed book ' T,' No. 4, p. 619, etc., as No. 405, and particularly designated as follows : No. 405, situate on the east side of Winona avenue, at the distance of 323 feet northwardly from the Darby and Chester turnpike, containing in front on the said Winona avenue fifty feet, and extending between parallel lines, at right angles thereto, 120 feet to a fifteen-feet wide alley,' " and with force and arms, etc., retained possession of the same from the said date until the date of the commencement of this action and other wrongs to the said plaintiff, then and there did, against the peace and dignity of the commonwealth of Pennsylvania, unto the damage of the said plaintiff of $300, which sum the said plaintiff avers is justly due and payable to her by the said defendant.   And therefore she brings this suit, etc.   The plea was, " Not guilty."

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* among others were (1) in directing a verdict to be entered for defendant as follows: "I find a case, which is 148 Pa. 65, which is the last case I can find upon the subject of the action of trespass of this kind. Where there has never been actual possession in the plaintiff during all the time of the defendant's possession, the plaintiff never had, during this time, possession of this fifteen feet; therefore, under the authorities, I hold that the action of trespass cannot be maintained. If the defendant went knowingly upon another party's ground, then, clearly, the action would be maintained; but being in possession at the time the plaintiff got her title, I hold that the defendant's point is well taken, and I therefore direct, it being the uncontradicted evidence of the plaintiff that she never had actual possession of the premises, that the plaintiff is not entitled to recover, and the jury are instructed to render a verdict for the defendant. I will give the plaintiff an exception to my charge, and have the record transcribed. My attention is called to the fact that at the time the action was brought the plaintiff was in actual possession, the defendant having surrendered. I am of the opinion that this makes no difference, as the things complained of were while the defendant was in full possession." (3) In affirming defendant's first point, as follows: "It being the uncontradicted evidence of the plaintiff that she never had actual possession of the premises in question at or before the time of the alleged trespasses, the plaintiff is not entitled to recover, and the jury are instructed to render their verdict for the defendant. *Answer:* Affirmed." (4) In not permitting plaintiff to amend her statement of claim.

*V. Gilpin Robinson,* for appellant.—The learned court was misled by the case of Collins v. Beatty, 148 Pa. 65.

There is, therefore, just this material difference between our case and the case of Collins v. Beatty, 148 Pa. 65, relied upon by the learned court: In Collins v. Beatty, supra, Beatty was in possession at the time of the suit, and, in our case, the defendant, Calhoun, was not in possession. Our only remedy against him, therefore, was an action of trespass, which we brought. And since the procedure Act of May 25, 1887, P. L. 271, we would be entitled to recover even though the statement filed should set forth "an action of trespass," technically

so-called, instead of "case:" Duffield v. Rosenzweig, 144 Pa. 520.

This ruling was quoted, with approval, in Miller v. Lehigh County, 181 Pa. 622.

*Wm. B. Broomall*, for appellee.

OPINION BY ORLADY, J., July 26, 1900:

In 1873, John Cochran owned a tract of land fronting on the east side of Winona avenue, between Welcome avenue on the north and a turnpike road on the south, which he divided, beginning at Welcome avenue, into fifty-foot front lots and made the last lot at the turnpike road seventy-three feet front. From 1873 to 1879 these lots were sold by descriptive distances from either end, and an error in measurement of the frontage, left a strip of ground fifteen feet wide between lots Nos. 405 and 406. The plaintiff owned lot No. 405, and while attempting to locate the lot on the ground she discovered the error, and in 1896 secured a deed from John Cochran for the fifteen-foot strip.

While the title to this strip was yet in Cochran the defendant attempted to purchase it, but owing to certain liens of record against Cochran he failed to secure a good title thereto, and under an arrangement with one of Cochran's lien creditors he went into possession of the lot without any title to it and erected a building thereon for use as a meat market. When the plaintiff had perfected her title to the strip she notified the defendant to vacate the premises; this he did soon after and removed the buildings which he had erected. He had occupied the lot about seven years, about one year of which time was subsequent to the perfection of the plaintiff's title to the strip. This action of trespass was brought to recover for the use and occupation of the premises. The statement alleged that the defendant "with force and arms, etc., broke and entered the close of the plaintiff" and "with force and arms retained possession of the same." On the trial of the cause it appeared from the plaintiff's evidence that she had never been in actual possession of the lot until it was surrendered by the defendant, but that she was in actual possession of the lot when the suit was brought. The court affirmed, a point submitted by the defendant, as fol-

lows: "It being the uncontradicted evidence of the plaintiff, that she never had actual possession of the premises, at or before the time of the alleged trespass, the plaintiff is not entitled to recover and the jury are instructed to render their verdict for the defendant," and said that "when there has never been actual possession in the plaintiff during all the time of the defendant's possession, . . . . I hold that the action of trespass cannot be maintained. My attention is called to the fact that at the time the action was brought the plaintiff was in actual possession. The defendant having surrendered it, I am of the opinion that this makes no difference, as the things complained of were while the defendant was in full possession." A verdict for the defendant was accordingly directed by the court.

Whatever of doubt may have existed in regard to the form of action in such a case, it was relieved by the procedure Act of May 25, 1887, P. L. 271. The 2d section of that act provides that "so far as relates to procedure, the distinctions heretofore existing between actions ex delicto be abolished, and that all damages, heretofore recoverable in trespass, trover or trespass on the case, shall hereafter be sued for and recovered in one form of action, to be called an action of trespass."

The manifest purpose of this enactment was to abolish the technical distinctions between the common-law actions, and it should be liberally interpreted: Jones v. Gordon, 124 Pa. 263. However, as to all matters of substance, completeness, accuracy and precision are as necessary now to a statement as they were before to a declaration in the settled and time honored forms: Fritz v. Hathaway, 135 Pa. 274; Murphy v. Taylor, 173 Pa. 317. It was intended to dispense with formality, but to insist on matters of substance indispensable to an intelligent and just judgment between the parties: Winkleblake v. VanDyke, 161 Pa. 5. In the case before us, the verdict was directed solely for the reason that the plaintiff could not recover in the form of action of trespass unless she had shown that she was in actual possession of the premises upon which the disturbance of possession was alleged to have occurred. On this question the court below erred in the reason given, but not in its judgment, in view of the cause of action set out in the pleadings. The case of Collins v. Beatty, 148 Pa. 65, is sufficient authority for the action of the court and the judgment is affirmed.