## Brandmeier *v.* Pond Creek Coal Company, Appellant.

*Actions — Assumpsit — Trespass—Mesne profits—Damages—Eject-ment.*

1. A plaintiff in ejectment who recovers a judgment against the defendant with whom he has no contractual relation, and ousts him from the premises, cannot maintain an action of assumpsit to recover from the defendant damages and mesne profits for the wrongful occupation of the land. His remedy is by trespass and not by assumpsit.

2. In such a case a trial cannot be deemed to have been had with the defendant's consent, where the affidavit of defense raises in limine an objection to the form of action, and the first offer of the plaintiff's, which was the record of the ejectment suit with the verdict and judgment thereon, followed by a habere facias, was promptly objected to as not being relevant to the issue joined under the pleadings.

Argued April 12, 1910. Appeal, No. 90, Jan. T., 1910, by defendant, from judgment of C. P. Luzerne Co., June T., 1904, No. 127, on verdict for plaintiffs in case of Frederick Brandmeier and Mary Mills v. Pond Creek Coal Company. Before Fell, C. J., Brown, Mestrezat, Potter and Elkin, JJ. Reversed.

Assumpsit for use and occupation of coal land. Before Fuller, J.

At the trial plaintiffs offered in evidence the record of the ejectment suit of the plaintiffs against the defendant, with the verdict and judgment thereon, followed by the habere facias for the possession of the land for the use and occupancy of which and the use thereof, suit in this case is now pending, for the purpose of showing that the judgment was in favor of the plaintiffs.

Defendant objected to the evidence as being immaterial and irrelevant to this issue.

Objection was overruled, the evidence admitted, exception noted and bill sealed for defendant. [6]

Defendant presented this point:

1. The plaintiffs have ·declared in assumpsit for the

use and occupation of land by the lessee of two of the four tenants in common, and for mining coal thereon, and having failed to show a contractual relation between plaintiffs and defendant, either by an express promise or such facts as would imply a promise by defendant to pay plaintiffs for such use and occupation, and for such coal mined, are not entitled to recover. *Answer:* I refuse all of the points presented by defendant. [1]

Verdict and judgment for plaintiffs for $13,471.64. Defendant appealed.

FULLER, J., filed the following opinion:

On motion for a new trial and for judgment non obstante veredicto the defendant now urges:

1. That the action cannot be maintained in its present form of assumpsit.

The præcipe, the writ, and the statement, all designate the action as one of assumpsit, although the claim set forth in the statement and urged upon the trial was one for damages suffered by ouster of plaintiffs from the common property, and not arising from contract express or implied.

We cannot pronounce a panegyric upon the skill displayed in the pleadings, nor are we asked to do so, but that is a lost art and if a fair trial has been had upon the merits, we should dislike to upset the whole proceeding on the technical distinction between trespass and assumpsit.

The logic of defendant's contention is that if the cause of action be regarded as assumpsit for use and occupation, it fails for want of a contract, and if it be regarded as trespass for mesne profits, it fails for disregard of the form. But in National Oil Refining Co. v. Bush, 88 Pa. 335, it was said that an action for use and occupation "is not necessarily founded upon a specific contract, written or oral, but upon the use of the premises. The occupant may be in fact a trespasser, but the owner of the tenement may waive the trespass and recover in assumpsit

and it does not lie with the tort feasor to defeat him by interposing his own wrong."

This case was not mentioned in Reilly v. Crown Petroleum Co., 213 Pa. 595, where the plaintiff after recovery in ejectment brought an action of assumpsit in which the statement showed a liability in trespass for mesne profits, and a demurrer to the statement was upon that ground sustained; but the last-cited case in turn was not mentioned in Sipe v. Penna. Railroad Co., 219 Pa. 210, in which it was held that a demurrer on that ground should not be sustained.

No doubt the apparent inconsistency may be reconciled, but without undertaking the task we will simply hold that after plea in bar, without demurrer, the defect is cured against attack on objection to evidence, motion for nonsuit, or request for binding instructions.

In either form of action the essence of the claim when defendant is in actual occupancy, is the use of the property measured by rental value, and the whole sum and substance of the situation as here presented on pleadings and proof is that the plaintiffs have brought an action of assumpsit to recover their proportionate share of the rental value during the period of exclusive occupancy by the defendant.

The defendant also invokes the Act of April 25, 1850, P. L. 573, as affording an exclusive remedy between tenants in common, barring both trespass and assumpsit, but that act in terms applies to an accounting for coal, iron ore, or other minerals taken by said tenants respectively, while the plaintiffs in this case do not seek any such accounting.

We hold, therefore, that the action of trespass would have been proper, but that no advantage can be taken of the technical error committed in designating the action assumpsit, and that the defendant's contention on this point must be denied.

*Errors assigned* amongst others were (1) above instruc-

tion, quoting it, and (6) rulings on evidence, quoting the bill of exceptions.

*John G. Johnson* and *J. Q. Creveling*, with them *F. W. Wheaton*, for appellant.—Assumpsit cannot be maintained unless there is an express contract or the facts are such that the law will imply a contract: Enterprise Oil & Gas Co. v. Transit Co., 172 Pa. 421; Filbert v. Hoff, 42 Pa. 97.

*Edmund G. Butler*, with him *John T. Lenahan*, for appellees.

OPINION BY MR. JUSTICE BROWN, October 17, 1910:

These appellees recovered a judgment against the appellant in an action of ejectment: Brandmeier v. Pond Creek Coal Co., 219 Pa. 19; and this action in assumpsit was instituted for the recovery of damages resulting from their ouster from the property. Their claim, as set forth in their statement, does not arise from any contract with the defendant, express or implied, but the learned trial judge, in his opinion directing judgment to be entered on the verdict in favor of the plaintiffs, held that inasmuch as skill in pleadings "is a lost art," and there had been a fair trial of the case upon the merits, the distinction between trespass and assumpsit might be disregarded, and cited National Oil Refining Co. v. Bush, 88 Pa. 335, as sustaining him. That case cannot be so read. On the contrary, in holding that the plaintiff could not recover in assumpsit for the use and occupation of the premises, unless the jury should find that it had permitted the tenant to remain in possession of the property after the expiration of his lease, it was said by GORDON, J.: "If, indeed, as was said in the case between these same parties, reported in Bush v. Refining Co., 5 W. N. C. 143, the defendant was permitted to remain in the possession of the property, and he did so remain until the plaintiff elected by its writ of ejectment, or otherwise, to regard him as a trespasser, up to that time, it might recover

from him the worth of the premises, by the action of assumpsit for use and occupation; but from the time the company made its election to treat him as a trespasser, it could no longer recover from him on the ground of an implied contract; for, the landlord, having thus determined the status of the occupant, there is no room left to presume a contract." There is nothing in the case before us from which a contract can be presumed. The plaintiffs have unmistakably, in their pleadings and proofs, elected to treat the defendant as a trespasser, and, this being so, there can be no recovery against it in an action of assumpsit.

Skill in pleadings may be a lost art, but the distinction between assumpsit and trespass remains. Our procedure act of 1887 recognizes it, and courts cannot disregard it. A defendant, sued for trespassing upon a plaintiff's land or for mesne profits, still has a right to say that judgment cannot be recovered against him in assumpsit. We ought hardly to be called upon to make this announcement, especially in view of what was so recently said in Reilly v. Crown Petroleum Co., 213 Pa. 595.

If this case was fairly tried upon the merits, as the learned trial judge seems to think, the trial was not with the defendant's consent. In its affidavit of defense it raised in limine the objection to the form of the action, and the first offer of the plaintiffs on the trial, which was the record of the ejectment suit between them and the defendant with the verdict and judgment thereon, followed by a habere facias, was promptly objected to as not being relevant to the issue joined under the pleadings. It is not possible to disregard the contention of the appellant that no recovery can be had against it in this action unless a cardinal rule of pleading, upon which it has a right to rely, is to be utterly ignored. This cannot be done, and the judgment must, therefore, be reversed.

The other questions raised by the assignments need not, under the circumstances, be discussed.

Judgment reversed.