### HARTFORD v. SMITH et al.

(Circuit Court of Appeals, Third Circuit. October 30, 1912.)

No. 1,609.

1. ACTION (§ 32*)—FORM OF ACTION—ABOLITION—STATUTES—ACTIONS EX CONTRACTU AND EX DELICTO.

Act Pa. May 25, 1887 (P. L. 271; Pepper & Lewis' Dig. pp. 5819, 5825), abolishing the distinctions theretofore existing between actions ex contractu and ex delicto, so far as relates to procedure, did not affect the distinction existing between such actions as to the legal rights of the parties; and hence a money demand, recoverable in assumpsit, could not be recovered in trespass for conversion.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 257–261, 316; Dec. Dig. § 32.*

Forms of action in federal courts, following state practice, see note to O'Connell v. Reed, 5 C. C. A. 598.]

2. ACTION (§ 27*)—FORM OF ACTION—ASSUMPSIT—TRESPASS.

Plaintiff alleged that defendants were brokers, and as such had sold certain stocks for plaintiff, and received $5,527.71, which it was defendants' duty to immediately pay over to plaintiff on or without demand, that defendants wholly disregarded their duties to plaintiff, as previously mentioned, to keep the proceeds of such stock solely and entirely applicable to carry out plaintiff's particular transactions, but, with intent to defraud plaintiff, converted the fund to their own use on November 12, 1909, and continued, from that time until the present, refusing and neglecting to deliver or pay over to plaintiff such balance so illegally misappropriated. *Held,* that plaintiff's cause of action was in assumpsit, and that the declaration in trespass was unsustainable.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 160–195; Dec. Dig. § 27.*]

In Error to the District Court of the United States for the Western District of Pennsylvania; James S. Young, Judge.

Action by P. C. Hartford against Roland H. Smith and another, doing business as A. J. Davis & Co. Judgment for defendants, and plaintiff brings error. Affirmed on condition.

D. B. Hartford and E. J. Kent, of Pittsburgh, Pa., for plaintiff in error.

W. W. Stoner, John S. Robb, Jr., and E. W. Arthur, all of Pittsburgh, Pa., for defendants in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. [1] The Pennsylvania act of 1887 (P. L. 271; 3 Pepp. & Lew. Dig. Laws, 5819, 5825) undertakes to abolish the distinctions theretofore existing between actions ex contractu and actions ex delicto, but only so far as relates to procedure. Sections 1 and 2 put this restriction affirmatively—"so far as relates to procedure"—while section 8 with greater emphasis puts it negatively as well as affirmatively:

"The true intent and meaning of this act is that * * * as to the action [evidently, actions] herein recited, it applies to the procedure only, and the legal rights of the party are not in any way to be affected thereby."

As a contribution to the history of the act, the writer of this opinion may state of his own knowledge that a draft of the statute was submitted to the late Judge Simonton, of Dauphin county, for consideration and criticism, and that the sentence just quoted from section 8 was inserted at his suggestion, in order that no doubt might exist about the limited scope of the legislation. And the appellate courts of Pennsylvania have taken this view in several cases. Fritz v. Hathaway, 135 Pa. 280, 19 Atl. 1011; Winkleblake v. Van Dyke, 161 Pa. 7, 28 Atl. 937 (a decision concurred in by Justice Williams of Tioga county, who has always been understood to be the draftsman of the act); and Busch v. Calhoun, 14 Pa. Super. Ct. 582. The mere label of the action is not decisive. As was said by Justice Mitchell in Fritz v. Hathaway:

"Accuracy and technical precision have no terrors, except for the careless and the incompetent; and the act of 1887 was not intended to do away with

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

them. As to all matters of substance, completeness, accuracy, and precision are as necessary now to a statement as they were before to a declaration in the settled and time-honored forms."

See, also, Osborn v. Bank, 154 Pa. 137, 26 Atl. 289, Corry v. Railroad, 194 Pa. 519, 45 Atl. 341, and Brandmeier v. Pond Creek Co., 229 Pa. 284, 78 Atl. 273.

[2] It is clear, therefore, that, although the name of the action now before us is "trespass," the legal rights of the parties are to be determined as if it were the old action of trover and conversion. · Indeed, this is conceded, and we may turn at once to the statement of claim in order to discover what particular wrong is complained of. The statement is not ambiguous. It recites that the defendants were stockbrokers; that the plaintiff gave them certain orders to buy stocks on a margin; that he put up whatever margin was demanded, this being always sufficient to protect them; that he was not notified that the shares would be sold, and gave no order to sell; and that the sale produced a balance in his favor of $5,527.71, "which it was the duty of defendants, as plaintiff's brokers, so as aforesaid to immediately pay over to plaintiff upon or without demand." The statement continues:

"Plaintiff further says that defendants wholly disregarded their duties to him, as hereinbefore mentioned, to keep and maintain the proceeds of the sale of said stocks and the margins deposited with them by plaintiff as a fund solely and entirely applicable for the purpose of carrying out these particular transactions, but did, with intent to defraud plaintiff, convert and appropriate said fund to their own use, or the use of some other person or persons, and that on November 12, 1909, and continuing from that time until the present, defendants, with intent to defraud plaintiff, neglected, failed, and refused to deliver or pay over to plaintiff the balance of said fund amounting as above mentioned, to wit, $5,527.71, which sum defendants have illegally, unlawfully, and fraudulently misappropriated and converted to their own use, or to the use of some other person or persons."

The action is trover for the conversion of money, although the plaintiff in error desires to treat it as an action for the conversion of the stocks. The learned judge held that in its present form it could not be maintained, and we agree with this conclusion. It should have been assumpsit, and if the suit had been dismissed for this reason, without prejudice to the plaintiff's right to bring the proper action, we might affirm the judgment at once. It is easy to understand why the action was brought in tort. Under the Pennsylvania practice some kinds of tort may still be redressed in a suit begun by a capias ad respondendum, which requires the entry of bail to the action. This suit was so begun, and, as a judgment for the plaintiff would also have supported a capias ad satisfaciendum, the defendants might have been committed to prison, until discharged according to law. But no such result would follow a recovery in assumpsit, and, as already stated, the suit should have been in that form of action. So far as appears from the. uncontradicted evidence, the defendants were under no obligation to return specific money to the plaintiff, but owed him a duty that might be discharged by the payment of money generally. See Little v. Gibbs, 4 N. J. Law, 211; Davis v. Thompson, 10 Sad. (Pa.) 563, 14

Atl. 169; Aurentz v. Porter, 56 Pa. 115; Life Ass'n v. Catlin, 2 Walk. (Pa.) 338; 38 Cyc. 2014, H, note 53; 28 A. & E. Ency. (2d Ed.) 652, § 5, note 7.

The practical reason against affirming the judgment as it stands is this: It is not a mere dismissal of the suit without prejudice, but a judgment in favor of the defendants, and with the present record the doctrine of res judicata might give the plaintiff trouble if he brought another suit. This would be unjust, for the defendants concede that they owe the money, and are only defending against the drastic remedy that has been invoked. Indeed, they offered the plaintiff a note for the full amount of his claim, although the note was afterwards returned. In order, therefore, that the litigation may perhaps end here, we shall enter no judgment for the present; but we direct the clerk of this court to notify counsel that, if the defendants shall confess judgment to the plaintiff on or before November 30, 1912, in an action ex contractu for $5,527.71, with interest from November 12, 1909, and if the District Court shall certify us that this has been done, we will then affirm the judgment. Otherwise, we shall be obliged to reverse it formally, with leave to the plaintiff to apply to the District Court for permission to change the form of action under the Pennsylvania statute of 1871 (P. L. 265; 3 Pepper & Lewis' Digest Laws, col. 5894). The act reads as follows:

"In all actions pending or hereafter to be brought in the several courts of this commonwealth, said courts shall have power at any stage of the proceedings to permit an amendment or change in the form of action if the same shall be necessary for a proper decision of the cause upon its merits," etc.,

—and seems to provide a remedy for the existing situation.