## Griffin et al. *v.* Delaware & Hudson Company, Appellant.

*Real property—Trespass quare clausum fregit—Parties out of possession — Right to maintain action — Coal—Removal — Act of May 25, 1887, P. L. 271.*

1. At common law an action of trespass quare clausum fregit cannot be maintained by one not in possession, either actual or constructive, of the land upon which the alleged trespass has been committed.

2. The Practice Act of May 25, 1887, P. L. 271, providing that certain actions ex delicto are to be brought under the one name of trespass, did not change the fundamental requirements upon which the right to recover rests, or entitle a party to bring an action of trespass where an action for the same cause would not arise at common law.

3. In all freehold lands an adverse claim to the mineral, must be distinctly established against the owner of the surface, and this may be effected by the production of documents showing that the minerals have been conveyed, excepted or reserved, so as to become vested in the claimant.

4. In an action of trespass for an alleged unlawful mining of coal from plaintiffs' land it appeared that plaintiffs had never been in actual or constructive possession of the surface but that the same was in possession of parties holding adversely; that such adverse holders had leased the underlying coal to defendant and that defendant had removed the coal.   Plaintiffs relied upon a paper title to the land in dispute.   The lower court concluded that plaintiffs'

paper title gave them constructive possession of the coal, although not of the surface, and dismissed exceptions to the report of a referee finding in favor of plaintiffs. *Held,* that as the coal had never been severed by plaintiffs or their predecessors in title, they were not in constructive possession of the coal and could not maintain an action of trespass for the unlawful removal thereof, and the judgment was reversed.

Argued Feb. 19, 1917. Appeal, No. 283, Jan. T., 1916, by defendant, from order of C. P. Lackawanna Co., Nov. T., 1912, No. 710, dismissing exceptions to report of referee, in case of Edmund R. Griffin, Gertrude Groat, John Griffin, Emma E. Koehler, Clara S. Smith, Benjamin Griffin, and Clarence Griffin v. The Delaware and Hudson Company. Before Brown, C. J., Potter, Stewart, Frazer and Walling, JJ. Reversed.

Trespass for removing coal from land claimed by plaintiffs.

Exceptions to report and supplemental report of referee. Before Edwards, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. Defendant appealed.

*Errors assigned* were in dismissing the exceptions.

*James H. Torrey,* with him *Charles H. Welles* and *Walter C. Noyes,* for appellant.—Plaintiffs were never in possession of the locus in quo and could not maintain an action of trespass quare clausum fregit at common law for the removal of the coal; they are, therefore, precluded from maintaining this action.

The Practice Act of May 25, 1887, P. L. 271, abolishing distinctions between actions of trespass, did not affect the right to the remedy: Alderman v. Way, 4 Yates 218; King & Schoenberger v. Baker, 25 Pa. 186; McCausland v. Fleming, 63 Pa. 36; Collins v. Beatty, 148 Pa. 65; Wilkinson v. Connell, 158 Pa. 126; Lillibridge et al. v.

Lacka. Coal Co., 143 Pa. 293; Busch v. Calhoun, 14 Pa. Superior Ct. 578; Vanderslice v. Donner, 26 Pa. Superior Ct. 319.

*Thos. F. Wells,* with him *M. W. Stephens* and *F. L. Hitchcock,* for appellees.—Under the Act of May 25, 1887, P. L. 271, the plaintiffs were entitled to bring the suit: Edwards v. Woodruff, 25 Pa. Superior Ct. 575; Plummer v. Hillside Coal & Iron Co., 160 Pa. 483; Fisher v. Morris, 5 Wharton 358; Zion Church v. Light, 7 Pa. Superior Ct. 223; Darrah v. Kadison, 51 Pa. Superior Ct. 133; Irwin v. Patchen, 164 Pa. 51; Baker v. King, 18 Pa. 138; Wilkinson v. Connell, 158 Pa. 126; Enterprise Transit Co. v. Hazelwood Oil Co., 20 Pa. Superior Ct. 127; Miller v. Zufal, 113 Pa. 317; Olewine v. Messmore, 128 Pa. 470.

OPINION BY MR. JUSTICE POTTER, April 16, 1917:

This was an action of trespass brought by Edmund R. Griffin et al. against the Delaware & Hudson Company, to recover damages for the entry by defendant on land of which plaintiffs claimed ownership, and for mining coal and taking it from such land. It is averred in plaintiffs' statement of claim that 100,000 tons of coal were unlawfully removed by defendant between the year 1867 and the date of suit. The pleas were, not guilty and the statute of limitations.

By agreement of the parties the case was referred to Hon. R. W. ARCHBALD, who, after a full hearing, filed a report, with findings of fact and law, in which he held that the plaintiffs never had actual or constructive possession of the coal in controversy, and were not, therefore, in a position to maintain this action, and that judgment should be entered for defendant. Exceptions were filed to the report, whereupon the case was opened, additional testimony was taken, and the findings reconsidered by the referee. He then filed a supplemental report, with new findings of fact and law, in which he re-

versed his former ruling and directed that judgment be entered in favor of plaintiffs for the sum of $41,925. Exceptions were filed by both parties to the suit, which were dismissed by the court, and judgment was entered in accordance with the recommendation of the referee in his supplemental report. Defendant has appealed.

According to the referee's findings, the material facts were substantially as follows: The coal in controversy underlay a tract of land in Providence Township, Lackawanna (formerly Luzerne) County, which is now part of the City of Scranton, and comprised three acres and fifty-six perches of ground. This land was included in a larger tract for which a patent was granted on June 15, 1828, by the Commonwealth to Thomas Griffin Prior to that date, on February 10, 1828, Isaac Griffin, a son of the subsequent patentee, had made and delivered to Silas B. Robinson a general warranty deed for a portion of the land patented by his father, and Robinson took possession under such deed. A year later, on February 6, 1829, Thomas Griffin made and delivered to Isaac Griffin a deed for the same land that Isaac had already conveyed to Robinson.

The deed of Isaac Griffin to Robinson was identical with that of Thomas Griffin to Isaac Griffin, with the exception of the length of the north line of the tract, and it is from that difference that the controversy in this case arises. The land conveyed by Isaac Griffin to Robinson began at the Lackawanna river, and extended thence northwest, for a distance of 246 perches, while in the deed from Thomas Griffin to Isaac Griffin, the tract was described as beginning at the same point, and extending by the same course, a distance of 264½ perches, being 18½ perches longer than the corresponding line in the deed from Isaac Griffin to Robinson. The difference appears clearly from the diagrams in the referee's supplemental report. The courses and distances on the west and south were the same in both deeds, but in

neither one was the distance given on the next to the final course, which terminated at the Lackawanna river.

Plaintiffs are the heirs at law of Isaac Griffin, and claim to be the owners of the westernmost end of the tract, which they allege was not included in the deed of their ancestor to Silas B. Robinson. The portion which they claim, extends from a point distant 246 perches from the river, to a point 264½ perches distant therefrom, being 18½ by 30 perches in area, containing, as stated, three acres and fifty-six perches. In the eighteenth finding of fact, the referee found that, "Silas B. Robinson, after the conveyance to him by Isaac Griffin and wife, entered into the actual possession of the fifty-two acres and fifty-eight perches with the allowance of three per cent., and he and those claiming under him in line of title have fenced and lived upon and occupied the said land, using it for farming purposes, cultivating the same, pasturing cattle thereon, cutting timber therefrom, mining and removing coal, plotted it into building lots, sold building lots covering a portion of the land in dispute, and parties purchasing the said lots have built houses and other buildings thereon and are now in the actual, open, notorious possession of the same."

In his first report the referee found as a fact: "The plaintiffs have never been in the actual possession of the land in dispute and have not severed the coal from the surface. The Robinsons and Griffins and VonStorchs have been in the actual possession of the whole tract of land running from the Lackawanna river back two hundred and sixty-four and one-half rods to a point about thirty feet beyond the Keyser Valley Branch and to the corner of what is known as the Philip C. Griffin tract, and being so in possession leased the coal to the Delaware & Hudson Canal Company in 1867, and the possession of the Griffins and the Delaware & Hudson company has continued from that time to the present and has been open, notorious and visible." In the supple-

mental report this finding was modified so as to exclude a small portion of the piece occupied by a railroad.

The defendant company, under a claim of ownership through leases given to them by the successors in title of Silas B. Robinson, has mined and removed the coal from the tract claimed by plaintiffs, and it was to recover damages for this alleged trespass that the present suit was brought.

Four grounds of defense were set up. (1) A valid paper title to the coal in question. (2) Title by adverse possession. (3) That plaintiffs were never in possession of the locus in quo, and, therefore, were not entitled to maintain an action of trespass quare clausum fregit for the removal of the coal. (4) That any right claimed by plaintiffs was barred by the statute of limitations. Upon the third question, the right of plaintiffs to maintain the action, the referee reversed himself. In his original report he said: "On the whole case therefore, whatever the state of the title, the plaintiffs as I view it are not in a position to maintain the action, never having had actual or constructive possession of the coal in controversy. This is decisive of the case and judgment must, therefore, be entered for the defendant." But in his supplemental report the referee reached the conclusion that plaintiffs had constructive possession of the coal, whatever may have been the situation as to the surface, and that, therefore, they might maintain their action.

It is conceded that plaintiffs were never in actual physical possession of the tract of land here in question. The referee affirmed without qualification defendant's seventh, thirty-first and thirty-seventh requests for findings of fact which were to that effect, and no exception was taken to such affirmance.

It is admitted that the common law action of trespass quare clausum fregit could not be maintained by one not in possession of the land. But it is contended that this rule was changed by the Practice Act of May 25, 1887,

P. L. 271, by which all distinctions between actions of trespass are said to have been abolished.

In Weisfield v. Beale, 231 Pa. 39, we said (p. 42): "Under the Act of May 25, 1887, Sec. 3, P. L. 271, all actions ex delicto, whether trespass, trover, or trespass on the case, are now brought under the one name of trespass. The distinction, therefore, between trespass quare clausum fregit, in which actual or constructive possession in the plaintiff was necessary, and trespass on the case, in which it was not, is no longer of importance." That related, however, only to the form of procedure. It was intended to point out that, under the statute, recovery might be had in an action of trespass, where formerly upon the facts the only remedy would have been in an action upon the case. But the fundamental requirements upon which the right to recover rests, have not been changed. The Act of 1887 "was intended to dispense with formality, but to insist upon matters of substance, indispensable to an intelligent and just judgment between the parties": Winkleblake v. Van Dyke, 161 Pa. 5.

In the case at bar plaintiffs claim direct damages for an unlawful and forcible entry upon their premises and removal of the coal therefrom. In their statement they aver that they were in possession of the premises and that defendant did "with force and arms enter upon and into the said parcel of land beneath the surface thereof" from its own land adjoining and did mine a large quantity of coal therefrom and convert it to its own use. If plaintiffs can recover at all, it must be in an action in the nature of quare clausum fregit. The authorities are clear that, in order to maintain such an action, a plaintiff must have been in possession, either actual or constructive, at the time the trespass was committed: Greber v. Kleckner, 2 Pa. 289; King v. Baker, 25 Pa. 186; Collins v. Beatty, 148 Pa. 65; Wilkinson v. Connell, 158 Pa. 126; Busch v. Calhoun, 14 Pa. Superior Ct. 578; Vanderslice v. Donner, 26 Pa. Superior Ct. 319.

The referee so found in his third finding of law. He further found as a fact that there never had been actual possession by plaintiffs, or any of them. He was also of opinion that plaintiffs had not shown that they were at any time in constructive possession of the surface. But in his supplemental report he held that there was constructive possession of the coal, and on that ground he awarded damages to plaintiffs. He based this conclusion on the ground that there had been a severance of the coal from the surface. He said: "When the coal is severed from surface and a separate estate created in it, there is no good reason why, as to such coal, ownership of the title should not draw to it the constructive possession so as to protect the real owner against any one trespassing and mining from it." He had previously said: "It may be that constructive possession of the coal as distinct from the surface is not permitted where coal and surface remain under one title, and the surface is in the actual possession of another." In this connection the referee in his first report said most convincingly: "While by the leases in evidence there is a severance of the coal for mining purposes it is not absolute or complete, a reversionary interest, as noted above, being retained in the lessors contingent on the termination of the leases for any reason. But more than that. Having regard to the effect given to the severance, in the rule invoked, the purpose being to protect the mineral estate from an adverse possession of the surface, that which was intended to protect that estate cannot be made the basis of encumbering it. It is in fact no concern of the plaintiffs as to what has been done with the coal or how it has been treated by others. Whatever has happened to it is not of their doing and neither adds to nor detracts from their rights with respect to it, nor can they predicate anything upon it." The only severance was under the leases from the holders of the Robinson title to defendant. These leases are not recognized by plaintiffs as affecting their rights in any way, and they can-

not be used to aid them in establishing constructive pos-
session of the coal. We can see nothing in the facts to
justify the referee in changing his conclusion in this
respect. Had the plaintiffs or their ancestors severed
the coal from the surface, a different situation would
be presented. The only case cited by counsel for
appellees upon this point, is Plummer v. Hillside
Coal & Iron Co., 160 Pa. 483, and there the severance
was made by the undisputed owner of the land from
whom both parties claimed title. In the present case
there was nothing to show any entry by plaintiffs into
possession of the subsurface estate. The correct prin-
ciple is stated in Bainbridge on the Law of Mines &
Minerals (4th Ed.), 28, where it is said: "In all free-
hold lands an adverse claim to the mineral must be dis-
tinctly established against the owner of the surface.
This may be effected by the production of documents
showing that the minerals have been conveyed, excepted
or reserved, so as to have become vested in the claimant."
Nothing of the kind was shown in the case at bar, and
as these plaintiffs were in neither actual nor construc-
tive possession of the surface, they cannot be held to have
been in constructive possession of the coal. The alleged
severance was not by any act of theirs, but the leases
were made by persons who, according to plaintiffs' con-
tention, had no title to either estate and no power to
sever them. If plaintiffs should concede that these
leases effected a valid severance, it would follow that de-
fendant thereby acquired the right to mine the coal, and
this action of trespass could not be maintained.

We think the referee very properly determined, in his
first report, that, as plaintiffs had neither actual nor
constructive possession of the coal in dispute, they were
not in a position to maintain this action. As this is
decisive of the case, it becomes unnecessary to consider
other questions raised. It is, however, by no means
clear that under a fair and reasonable construction of
the deed from Isaac Griffin to Silas B. Robinson, the de-

fendant and its predecessors were without a paper title to the premises in dispute. It requires a strained inference, to say the least, to support the conclusion that Isaac Griffin, in the year 1828, intended to retain a small piece of isolated ground, 18½ by 30 perches, at the rear of the tract he conveyed to Robinson. All the facts point strongly to the conclusion that all parties interested believed that Robinson acquired all of Isaac Griffin's interest in that particular piece of land, in 1828, and that they all acted in accordance with that belief from that time on. All the lines and angles and distances in the deed from Thomas to Isaac Griffin, and in that from the latter to Robinson are identical, except that of the northerly line. And, taking into consideration the monuments upon the ground, and the acreage intended to be conveyed, the longer line, running 264½ perches from the river, seems to be imperatively required to meet the conditions. No reasonable explanation was offered for the discrepancy in the length of the northerly line as it appears in the deed made by Isaac Griffin to Robinson. Possibly the length of the line was first noted by the surveyor in figures, which afterwards were accidentally transposed, so that 264 perches appeared as 246 perches. Conjecture as to this, however, is useless. But leaving out of consideration the question of paper title, and without reference to the additional claim that defendant and its predecessors had acquired title to the coal by possession, and to the further claim that the action was barred by the statute of limitations, it is quite sufficient to rest the case upon the conclusion first reached by the referee, that, in the absence of actual or constructive possession of the coal, plaintiffs had no standing to maintain this action.

The judgment is reversed, and is here entered for defendant.