## Guffey *versus* Free.

1. Where a trespass is committed on real estate by a non-resident of the county in which the real estate is situate, the sheriff, by the 37th section of the Act of 13th June, 1836, may go beyond his bailiwick into an adjoining county to serve the writ: and where such trespass was committed for the purpose of carrying away his personal property thereon, the plaintiff may recover for the entire injury.

2. In an action of trespass, where there is a general verdict for a less amount than forty shillings, on several counts embracing injuries to both real and personal estate, the plaintiff is entitled to a judgment for full costs, as the Court cannot separate the damages.

ERROR to the Common Pleas of *Westmoreland county*.

This was an action of trespass, *vi et armis*, by Alexander Guffey *v*. William Free and several others.

In the first count of the declaration the defendants were charged with injury to the plaintiff's *real* estate. In the second, for taking and carrying away his *personal* estate. The third was for breaking and entering his close, and carrying away personal property which was attached to the freehold. The plea was, not guilty.

A judgment had been obtained before a justice of the peace in *Allegheny county*, by James McClosky, for the use of Alexander Guffey, against J. B. Anderson. A transcript was afterwards left with a justice of *Westmoreland* county, and an execution issued. Upon this the constable levied on two flat-bottomed boats, two thousand feet of pine lumber, and one bale of oakum, and sold the same as the property of said Anderson to Alexander Guffey, the plaintiff. After the constable's sale, Alexander Guffey took possession of said articles, and had the boats moored to his land, being a tract of land situate in Sewickley township, Westmoreland county, adjoining the Youghiogheny river. Whilst they were thus in his possession, fastened with ropes to a tree on his land, and secured by padlocks, the defendants, after being forbidden by the plaintiff, entered on his land, broke the fastenings, and took away the boats.

The defendants, being non-residents of Westmoreland county, residing in the adjoining counties of Washington and Allegheny, this action was brought under the 27th section of the Act of 13th June, 1836, entitled "An Act relating to the commencement of actions," which provides that, "where a trespass or nuisance has been or may be committed on real estate by non-residents of the county wherein such real estate is situated, it shall be lawful for the sheriff to go beyond his bailiwick into an adjoining county, for the purpose of serving any process which may be issued out of the Court of the proper county, in suits instituted for the recovery of damages or abatement of the nuisance, and such service shall be as good and valid as if the same had been made by the sheriff within his bailiwick.

[Guffey v. Free.]

The defendants allege, that under said act they were not responsible in damages for trespass committed in taking the personal property, but only for injury done *to the real estate,* which position was sustained by the Court below.

This construction of the Act of Assembly was the *first* assignment of error; and the second one was the refusal by the Court to enter judgment on the verdict *for full costs.*

*Laird,* for the plaintiff in error.

*Cowan,* for defendants.

The opinion of the Court was delivered, October 21, by

LEWIS, J.—Where a trespass is committed on real estate by a non-resident of the county wherein the real estate is situate, the sheriff may go beyond his bailiwick to serve the writ; and where the trespass, or breaking the plaintiff's close, was committed for the purpose of carrying away his personal property therein, the plaintiff may recover for the entire injury. The character of the trespass on the real estate cannot be understood without showing the objects of the wrong-doer in making the entry, and these are best indicated by his acts. It is the policy of the law to avoid circuity of action, and to put an end to litigation as speedily and with as little expense to the parties as possible. It is also the duty of Courts of justice to view with disfavor the acts of a wrong-doer. Wherever a person, not resident in the county, enters upon the land of another, and there commits a trespass upon the person or personal property of the owner, it is more reasonable that he should be brought to answer in the county where he committed the injury than that the party injured should be compelled to follow him to his residence to obtain redress. Even if this were not the case, where the plaintiff declares, in separate counts, for the injuries to his real and personal estate, and the defendant pleads not guilty, and goes to trial on that issue without objection, the error, if any exist, is cured. Trespass for taking personal property is undoubtedly a transitory action, and may be tried wherever the defendant can be served with process, or voluntarily elects to appear and plead to the action. The appearance, before declaration, might not be a waiver, where the writ indicated that it issued for the cause of action provided for in the statute; but where the declaration sets forth an additional cause of action, not local in its nature, but triable wherever the defendant may be found, a general plea in bar is a waiver of the supposed misjoinder, and the parties, when before the jury, should be confined to the trial of the issues joined.

As the plaintiff below was confined to the evidence of injury to his real estate, and the verdict was for less than 40 shillings, the

[Guffey *v*. Free.]

Court was correct and consistent in that state of the case, in refusing a judgment for full costs. Where there is a general verdict on several counts, embracing injuries to real and personal estate, the rule is otherwise, because the Court cannot separate the damages. But this question may not arise again in the cause, as the record goes back on a principle which entitles the plaintiff to go into evidence of the whole injury to his real and personal estate, by reason of the trespass complained of in the declaration.

Judgment reversed and *venire de novo* awarded.