## Carlisle Trust Co., Appellant, *v.* Directors of the Poor, Etc.

*Practice, C. P.—Practice Act—Statement—Sufficiency.*

A defect of substance in a plaintiff's statement can be questioned by an affidavit of defense raising questions of law as required by sections 4 and 20 of the Practice Act of 1915.

A defect of form can be questioned by a motion to strike off under the provisions of section 21 of the Practice Act.

Syllabus—Opinion of Court below. [79 Pa. Superior Ct.

In an action against the poor directors by the guardian of a weak-minded person for the amount collected by the State from said guardian for its ward's support, a statement of claim that the poor directors had a "contract or understanding" with plaintiff to support the plaintiff's feeble-minded ward in the county almshouse for a specified sum per week, could not be considered as a promise to support the ward for the same sum after he had been declared a lunatic and his commitment to a hospital for the insane.

Under such circumstances, an objection to a plaintiff's statement is properly presented in the form of an affidavit of defense raising questions of law, and judgment in favor of the defendant will be sustained.

Argued March 14, 1922. Appeal, No. 16, March T., 1922, by plaintiff, from judgment of C. P. Cumberland Co., Dec. T., 1919, No. 97, in favor of defendant on affidavit of defense raising questions of law in the case of Carlisle Trust Company, Guardian of William H. Motts, a weak-minded person, v. Directors of the Poor and the House of Employment for Cumberland County. Before ORLADY, P. J., PORTER, HENDERSON, KELLER and LINN, JJ. Affirmed.

Assumpsit by guardian of a lunatic for reimbursement for sums recovered by the State against it. Before BARNETT, P. J., 41st Judicial District, specially presiding.

The court entered judgment in favor of the defendant in the following opinion:

The plaintiff sued in assumpsit and filed a statement of claim, to which defendants replied by affidavit of defense raising questions of law. An amended plaintiff's statement was subsequently filed. The opinion by Judge SADLER upon the issue thus presented contains the following statement of facts:

"W. H. Motts in 1902 declared a weak-minded person, and in 1908 was committed to the county asylum at the cost and expense of his estate. While there confined, the directors of the poor collected the sum of $1.75 per week, as in the case of all other paying inmates, and at the same time received from the Commonwealth certain

sums allowed to local hospitals for the support of the insane. Motts had been included in the list of indigent patients, and therefore the State gave assistance as provided by various acts of assembly, the amount varying from $1.50 to $2 per week. Such payments seem to have been treated without legal justification as gratuitous aid by the Commonwealth, until the passage of the Act of June 1, 1915, P. L. 661. Following this legislation an action was brought to secure reimbursement for these advances, and the committee was directed to pay the sum of $793, as appears by the opinion filed to No. 19, May Term, 1919, and herewith referred to.

"The judgment entered having been liquidated, the present plaintiff brought this action to recover a like amount from the poor district, on the theory that the necessity for the outlay was caused by the act of the officers of the district in carrying the lunatic as indigent, contrary to the fact, and averring that had this not been done, the Commonwealth would not have made advances on his behalf, and that therefore no judgment would have been recovered against him."

The affidavit of defense attacked the plaintiff's statement as failing to state a good cause of action. The court held that a cause of action had not been sufficiently stated in the amended statement, because it failed to show a "valid agreement by which the poor district bound itself to furnish full support to Motts for $1.75 per week." Leave was granted to file a second amended statement of claim within fifteen days, and to the second amended statement is now opposed a second affidavit of defense, raising questions of law.

As stated in the plaintiff's brief of argument, the questions now involved are:

1. Has the defendant proceeded to raise the question according to practice and the rule of court?

2. Do the averments in the second amended statement sufficiently comply with the opinion of the court filed 30th November, 1920?

The learned counsel for the plaintiff contends that the objection that the statement fails to set forth a good cause of action cannot properly be made by affidavit of defense, but should have been raised by a motion to strike the statement from the record, as indicated by section 21 of the Practice Act of 1915.  We cannot agree with this view.  By section 4 of the act, "demurrers are abolished," and it is directed that "questions of law heretofore raised by demurrer shall be raised in the affidavit of defense, as provided in section twenty."  Section 20 provides that "the defendant in the affidavit of defense may raise any question of law, without answering the averments of fact in the statement of claim; and any question of law, so raised, may be set down for hearing, and disposed of by the court."  The provision of section 21 is that "the court upon motion may strike from the record a pleading which does not conform to the provisions of this act, and may allow an amendment or a new pleading to be filed upon such terms as it may direct."  The application of sections 20 and 21 is controlled by the distinction in pleading between substance and form.  "As to what is form, and what is substance, that without which the right doth sufficiently appear to the court in form, while a defect by reason whereof the right appears not, is a defect of substance; or, in other words, if the fault lies in the matter pleaded, it is substantial, but if in the manner of pleading it, it is formal": 31 Cyc. 272.  The facts averred to make out a cause of action are the substance of the statement; the manner of averment constitutes the form.  Defect of substance is to be questioned by affidavit of defense, as required by sections 4 and 20 of the act; defect of form by a motion to strike off, under section 21.  This has frequently been decided: Marto v. Shaffner, 26 Dist. R. 957; Mollenauer et al. v. Washington Co., 28 Id. 199; Tyrie v. City Bank, 29 Id. 723; Bollinger v. Gallagher, 29 Id. 913; Standard Metal Mfg. Co. v. American Insulator Co., 30 Id. 518.

Ordinarily there can be little difficulty in determining whether the objection goes to the form or the substance of the statement. Cases in which the defect was of form and the case determined on a motion according to section 21 of the Practice Act are: New York & Pa. Co. v. N. Y. Cent. R. R., 267 Pa. 64, 76; Fuller v. Stewart Coal Co., 27 Dist. R. 512; Cauley v. Bogart, 27 Id. 828; Bowen v. Fuhrmann & Schmidt, 28 Id. 125; Gilmore Bros. v. Walker, 29 Id. 510; Tyrie v. City Bank, 29 Id. 723.

In the following cases the statement was held to be deficient in substance and judgment was entered for the defendant upon affidavit under section 20 of the act: Pa. Lubricating Co. v. Wilhelm, 255 Pa. 390; Grace Contracting Co. v. N. & W. Ry. Co., 259 Id. 241, 245; Landell v. Lybrand et al., 264 Id. 406; John Wanamaker v. Shoemaker, 70 Pa. Superior Ct. 473; Wexelblatt v. Katman & Greenberg, 75 Id. 219.

The Practice Act of 1915 does not in fact abolish demurrers. It abolishes the name but, with slight alteration, preserves the practice. It substitutes a circumlocution for the familiar word and involves the old practice in new perplexities. The advisability of the innovation is a legislative, not a judicial question.

The inquiry in the present case is whether the plaintiff's statement in substance and without regard to form sets forth a contract between the defendants and the plaintiff to maintain Motts in the county asylum at $1.75 per week. It is properly presented by and may be disposed of upon the affidavit of defense raising the question of law as directed by section 20 of the Practice Act.

The second question raised by the record required little discussion. The plaintiff was permitted to file a second amended statement to afford him another opportunity to allege a contract for the maintenance of Motts at a less sum per week than the aggregate of his guardian's payments plus the Commonwealth's contributions, which in Judge SADLER's opinion it was held he

had so far failed to do. In paragraph four of the second amended statement it is now averred:

"That some time prior to 21st September, 1904, during the guardianship of C. M. Liggett, the said Wm. H. Motts was committed to the county almshouse under directions of the defendant with the distinct contract or understanding, that the said guardian should pay to the defendant the sum of one 75-100 ($1.75) dollars a week for the entire support of said Motts, and in full payment thereof."

It will be noted that the alleged agreement is for maintenance at the county almshouse and at a time when Motts, while feeble-minded, had not been declared a lunatic. On May 27, 1908, nearly four years later, Motts was ascertained to be a lunatic and committed by the court to the county hospital for the insane. The finding of the commission in lunacy not only occasioned the removal of Motts from one institution to another of a different character, but evidenced a change in his mental condition such as to require different and additional care and treatment. If it be conceded that the paragraph may be regarded as a sufficient statement of a contract for the support at the sum mentioned of a man of feeble mind in the almshouse, it cannot be considered as the averment of an agreement, four years later, for the maintenance of a lunatic in the hospital for the insane. Upon this paragraph alone depends the sufficiency of the statement of a contract to support the cause of action. As shown in the previous opinion, the acceptance by the defendants of the weekly sum of $1.75 from the plaintiff, while they were receiving $1.50 or $2 per week in addition from the Commonwealth as supposed gratuitous aid, affords no basis for the inference of an agreement that the plaintiff was not to pay more. The inference is rather that the defendants, in mistaken view of the circumstances, were giving to the plaintiff and his ward the benefit of the Commonwealth's presumed charity. If all that is alleged in the statement were proven before the

jury, the case would require binding instructions for the defendant. Under such circumstances a trial would be useless and judgment should now be entered for the defendant.

*Error assigned* was the judgment of the court.

*J. W. Wetzel,* for appellant.

*Guy H. Davies,* and with him *John M. Rhey,* for appellee.

PER CURIAM, April 17, 1922:

The plaintiff's statement of claim and the defendant's affidavit of defense present a purely legal question, and this has been so fully and clearly considered and disposed of in the opinion filed in the court below, in entering a judgment in favor of the defendant, that it is needless to supplement it by further argument or authority.

The judgment is affirmed.