## Ritchey v. Pratto et al.

*Practice, C. P. — Pleading — Trespass — Statement of claim—Motion to strike off—Demurrer—Practice Act of 1915, P. L. 483.*

1. In an action of trespass the plaintiff's statement will be stricken off upon motion for violation of the requirements of the Practice Act of 1915, if the several paragraphs contain more than one material allegation each, and the whole statement lacks distinctness, is repetitious, states legal conclusions, and is of unnecessary length and prolixity.

2. The statement under consideration in its first paragraph set forth the place of residence of the plaintiff and the death of one of the defendants. The second paragraph alleged that the defendants were a copartnership and owned a Reo truck, which they used in the partnership business. The third paragraph stated the time and place of the accident, operation of the truck on the defendants' business, the facts alleged to have constituted the negligence complained of, and the nature and extent of the plaintiff's injuries. The fourth paragraph was an allegation of damages under four heads, expenditures, pain and suffering, loss of wages. future loss of earning power: *Held*, that the statement so palpably offended against the Practice Act because of unnecessary length, lack of definiteness, and the statement of legal conclusions and averments of more than one material allegation in a paragraph, that it must be stricken off.

3. Where a statutory demurrer is combined with a motion to strike off the plaintiff's statement, the demurrer cannot be considered. Defects of substance are to be questioned by affidavit of defence; defects of form by motion to strike off.

Motion to strike off plaintiff's statement. C. P. Beaver Co., Sept. T., 1922, No. 98.

*W. F. Wise* and *Robert W. Darragh*, for plaintiff.

*L. M. Sebring*, for defendant.

BALDWIN, P. J., June 11, 1923.—This is a motion to strike off plaintiff's statement of claim for non-compliance with the Practice Act of May 14, 1915, P. L. 483. Section 5 of this act provides: "Every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim or defence, as the case may be, but not the evidence by which they are to be proved, or inferences, or conclusions of law, and shall be divided into paragraphs numbered consecutively,

4 D. & C.

Ritchey *v.* Pratto et al.

each of which shall contain but one material allegation. Section 9 provides: "The statement of claim shall be as brief as the nature of the case will admit."

The particular objections to the statement of claim are as follows:

"1. The plaintiff's statement of claim does not contain a statement in concise and summary form of the natural facts on which the plaintiff relies for recovery, divided into paragraphs numbered consecutively, each of which contains but one material allegation·

"2. The statement of claim does not state what injury was inflicted upon the leg, knee and foot of the plaintiff; what the result thereof has been, and does not specify, with the particularity required by law, the elements of damage for which the plaintiff seeks recovery.

"3. The plaintiff's statement of claim does not set forth what the plaintiff's occupation was at the time he received the injury, nor what his wages were, nor what wages he received as a track-walker on Sundays, for which he claims to recover.

"4. The plaintiff's statement of claim contains immaterial allegations.

"5. The plaintiff's statement of claim does not allege a cause of action for which a recovery can now be had."

We cannot consider the fifth objection. Where a party questions the form of a pleading filed by his adversary, the proper action is to move to strike it off (as has been done in this case), under section 21 of the Practice Act. Where a defendant contends that a statement of claim does not state a cause of action, he should file an affidavit of defence raising such question as law, this amounting to a statutory demurrer. "Defect of substance is to be questioned by affidavit of defence, as required by sections 4 and 20 of the act; defect of form by a motion to strike off, under section 21:" Carlisle Trust Co. *v.* Directors of the Poor, 79 Pa. Superior Ct. 241. See, also, New York & Pennsylvania Co. *v.* New York Central R. R. Co., 267 Pa. 64.

It is to be noted that the Practice Act provides expressly that each paragraph of a pleading shall "contain but one material allegation." In a number of cases where this provision has been considered, it has been uniformly held that when a pleading violates this provision it will be struck off.

In Cauley *v.* Bogash, 27 Dist. R. 828, the court struck off a statement of claim for the reason that several paragraphs thereof contained more than one material allegation, the court holding that each averment of fact in a statement should constitute a single paragraph which can be admitted or denied by the opposite party; "thus the facts for determination will be clearly defined and the issue be made as narrow as possible."

In Lutz *v.* Wright, 28 Dist. R. 32 (a negligence case), the court struck off the statement of claim, holding that inferences and conclusions of law in a statement of claim may not be disregarded as mere surplusage; the Practice Act positively declaring that pleadings shall not contain them.

In Shane Bros. & Wilson Co. *v.* Painter, 1 D. & C. 734, the court struck off a statement of claim in an action of *assumpsit,* holding (syllabus) : "Under the Practice Act of May 14, 1915, P. L. 483, the facts of plaintiff's statement of claim must be set forth exactly and exhaustively, so that the defendant may similarly set forth the facts of the defence and thereby the issue be brought out with certainty and clearness· . . . If the allegations are so made that no concise or responsive answer can be made by the defendant, the statement is fatally defective."

In the instant case an examination of plaintiff's statement shows that the first paragraph alleges two material facts: (1) The place of residence of the

plaintiff; (2) the death of Aless Stefani, and the appointment of B. H. Schewe as the administrator of his estate.

The second paragraph contains at least two material allegations: (1) That Aless Stefani and Teresa Pratto were copartners; and (2) that they were the owners of a Reo truck, which they used in and about the business of the partnership.

The third paragraph avers four material facts: (1) The time and place of the accident; (2) the operation of defendant's truck in and about the partnership's business; (3) the particular facts alleged to have constituted negligent driving; and (4) the nature and extent of plaintiff's injuries.

The fourth paragraph is an allegation of the damages alleged to have been suffered by the plaintiff, and it appears that damages are claimed under four heads: (1) The expenditure of large sums of money in an effort to be cured; (2) the undergoing of pain and suffering; (3) loss of wages from the date of the accident to the time of bringing suit; and (4) loss of earning power in the future. If it be granted that these elements of damages may constitute but a single material fact, yet the allegations lack distinctness and conciseness. The paragraph also states legal conclusions, and even these are stated at unnecessary length. All that is material could easily be averred in a paragraph less than one-half as long.

The statement, considered as a whole, is also open to criticism because of prolixity and unnecessary repetition. For instance, after averring in the third paragraph of the statement the negligence of the driver of the truck, the fourth paragraph repeats that "on his account and through his carelessness and negligence and recklessness in the premises, by and on account of and through said partnership, its agents and representatives, plaintiff was compelled to expend large sums of money in and about endeavoring to be cured," etc. In the same paragraph, preceding the allegation that the plaintiff has undergone pain and suffering, the pleader again alleges "the negligent and wrongful acts of the defendant;" and later, in the same sentence, lays his damages at $2500, and avers that they were "negligently, carelessly and wantonly and recklessly inflicted as aforesaid."

In the third paragraph, following the allegation of negligence, the statement goes on to aver that the driver of the truck, after striking the plaintiff, "without stopping to render any assistance or giving his name, . . . drove rapidly westwardly along the said Beaver Road for the purpose of escaping detection of his acts in the premises." This would, no doubt, be proper to prove at the trial as an item of evidence, but is wholly irrelevant in the statement of claim, as no vindictive or punitive damages are claimed.

Defendant complains that the statement does not sufficiently describe the injury to the leg, knee and foot of the plaintiff, nor set forth the plaintiff's occupation or his wages at the time he received the injury. We are not prepared, however, to say that such facts must be set forth in the statement of claim. They are matters of evidence, and we know of no rule of law requiring them to be set out in the statement.

Plaintiff's statement so palpably offends against the Practice Act in the particulars above mentioned that it should be struck off, and it will be so ordered.

### Order.

Now, June 11, 1923, plaintiff's statement is struck off, with permission to plaintiff to file another statement of claim within thirty days next hereafter.

From F. H. Laird, Beaver, Pa.