## Shultz v. Blank.

*Trespass—Statement of claim—Demurrer—Motion to strike off statement —Rule for more specific statement—Bill of particulars—Joint defendants— Joinder of causes of action.*

1. An affidavit of defence in the nature of a demurrer deals with substance and not form, and is used only when the statement of claim, irrespective of form or particularity, does not aver facts sufficient to show a cause of action.

2. A motion to strike off the statement is used when the statement does not conform to the provisions of the Practice Act.

3. If the statement is too indefinite, a rule should be taken for a more specific statement.

4. Several trespasses, committed in a continuing transaction, may be joined in one suit.

5. Where, in an action in trespass against two defendants, the statement sets forth a joint cause of action and also a separate cause against each, an affidavit of defence in the nature of a demurrer will be dismissed. While a verdict cannot be allowed against both defendants in a claim against one, the claim against both will support the action.

Affidavit of defence in nature of demurrer in an action by an evicted tenant against his landlord and a constable. C. P. Delaware Co., March T., 1926, No. 1576.

*W. S. Sykes,* for plaintiff; *Hinkson, Ledward & Hinkson,* for defendant.

FRONEFIELD, P. J., Feb. 9, 1927.—The defendants in the above case, on July 17, 1926, filed their affidavit of defence in the nature of a demurrer, and on July 20, 1926, filed their motion to strike off the plaintiff's statement of claim, in both of which the same reasons for relief are set forth.

An affidavit of defence in the nature of a demurrer is used only when the statement of claim, irrespective of form or particularity, does not set forth facts showing that the plaintiff has a proper cause of action. It deals with substance and not with form: Carlisle Trust Co. *v.* Directors of the Poor, 79 Pa. Superior Ct. 241.

A motion to strike off the plaintiff's statement is used when the statement does not conform to the provisions of the act: Rhodes *v.* Terheyden, 272 Pa. 397.

If the defendant believes the statement is too indefinite, instead of calling for a bill of particulars or moving to strike off, a rule should be taken for a statement more specific: King *v.* Brillhart, 271 Pa. 301.

The defendant alleges that the plaintiff does not set forth a valid cause of action because she includes in one action a trespass upon real estate, damage to personal property and an eviction. It is plain to be seen that if the plaintiff establishes either of the complaints, she is entitled to recover, even though she may fail in the others. If several trespasses are committed in a continuing transaction, they may be joined in one suit: Guffey *v.* Free, 19 Pa. 384; 23 Cyc., 398.

The defendants also assert that the statement of claim does not aver how the plaintiff was damaged, the specific items of her damage or how they were made up. The practice, under the authority previously cited, is for a more specific statement and not by an affidavit of defence or by a motion to strike off: King *v.* Brillhart, 271 Pa. 301.

It is also alleged that the statement of claim does not aver any joint action of defendants, or how or why they are joined or what each is alleged to have done.

The statement is directed against both defendants and charges only one with breaking and entering the premises of the plaintiff. It charges both with

Shultz v. Blank.

a distraint and unlawful sale of goods of the plaintiff after an appraisement made less than five days from the distraint, and charges one with forcibly evicting the plaintiff from the same premises the day after the sale.

There can be no doubt that a verdict cannot be allowed against both defendants in a claim laid against one, but there is in the statement a claim against both, and as to it the statement is good.

And now, to wit, Feb. 9, 1927, the question of law raised by the affidavit of defence is decided against the defendants, and the rule to strike off the statement of claim is hereby discharged.

From A. B. Geary, Media, Pa.